(77 South. 713)

MAYFIELD v. COOK et al. (3 Div. 304.)

(Supreme Court of Alabama. Jan. 24, 1918.)

1. WILLS ⬅58(1) — CONTRACTS TO MAKE WILL—VALIDITY.

Any one who is sui juris may, for a valuable consideration, renounce the absolute power to dispose of his estate at pleasure, and bind himself by contract to dispose of his property by will to a particular person, and such contract may be enforced in the courts after his decease.

2. FRAUDS, STATUTE OF ⬅75—CONTRACTS TO MAKE WILL.

Under Code 1907, § 4289, which is the statute of frauds, an oral agreement to make a will devising real estate, unaccompanied by payment of some valuable consideration and delivery of possession of the land to be devised, is void.

3. FRAUDS, STATUTE OF ⬅75—CONTRACTS TO MAKE WILL.

Where bill of complaint to enforce a promise to devise land to complainant showed on its face that it was not in writing, and alleged no facts bringing the agreement within the excepting clause of the statute of frauds, demurrer was properly sustained.

4. PLEADING ⬅229—RIGHT TO AMEND—DISMISSAL.

Where a bill to set aside a will contained equity and was amendable, it was error to decree its dismissal without allowing opportunity for amendment.

5. SPECIFIC PERFORMANCE ⬅21—CONTRACT TO DEVISE—WIDOW'S RIGHTS.

A contract to make a will cannot be enforced against the widow of a party who married him without knowing of the existence of the contract, at least as to so much of the estate as given her by statute, including all the personalty. Code 1907, § 3763, especially providing the order of distribution of personalty.

6. WILLS ⬅68—SETTING ASIDE—ENFORCING CONTRACT TO MAKE WILL.

A bill to set aside a will by one alleging a contract with testator to make a will in his favor, alleging that the property was given to the widow and another, was not wanting in equity as to the part of the personalty bequeathed to the second legatee.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Bill in equity by Eunice H. Mayfield, to set aside a will, and to invest complainant with the property therein conveyed. From

a decree sustaining demurrer to the bill, complainant appeals. Modified in part, and affirmed.

The bill shows that J. H. Cook and his wife, Annie Cook, both now deceased, entered into a verbal agreement with complainant, or with her parents, in the year 1901, to take complainant, a 14 year old girl, into their home (they being childless) to live with them as their daughter, and to give her the care and advantages they would give their own daughter, and that upon their decease, no matter which might die last, he or she so last to die would, before his or her death, devise and bequeath to complainant all of the property then belonging to him or her, as the case might be, of every kind whatsoever, real, personal, or mixed. It is further shown that complainant, pursuant to the terms of said agreement, left her own parents, and went to live, and did live, with said Cook and wife as their daughter, and faithfully complied with her agreement. It is further shown that J. H. Cook survived his wife, who died childless in 1915, and that he afterwards married Marie Boyd Abbott, one of the respondents, and upon his death in 1916, without children, his will was admitted to probate, by the terms of which all the property of said Cook was given to his said widow, Marie Boyd Cook, and Edward S. Watts, to the entire exclusion of complainant, and contrary to the agreement made with her or her parents in the premises. The bill shows that said Cook died in the ownership of a large quantity of specific real estate, and also 25 shares of the capital stock of a Montgomery bank. The bill was filed against Edward S. Watts and Marie Boyd Cook, and the theory is that the will is void as to complainant, that respondents Cook and Watts can take no property thereunder, and that the estate belongs in equity to complainant.

Ball & Beckwith, of Montgomery, for appellant. Hill, Hill, Whiting & Stern, of Montgomery, for appellee.

SOMERVILLE, J. [1] It is thoroughly well settled that any one who is sui juris "may, for a valuable consideration, renounce the absolute power to dispose of his estate at pleasure, and bind himself by contract to dispose of his property by will to a particular person, and that such contract may be enforced in the courts after his decease, either by an action for its breach against the personal representative, or, in a proper case, by bill in the nature of specific performance against his heirs, devisees, or personal representative." Bolman v. Overall, Ex'r, 80 Ala. 451, 455, 2 South. 624, 60 Am. Rep. 107; Manning v. Pippen, 86 Ala. 357, 5 South. 572, 11 Am. St. Rep. 46; 40 Cyc. 1063.

[2] It is settled also in this state that an oral agreement to make a will devising real estate, unaccompanied by payment of some valuable consideration and delivery of possession of the land to be devised, is void under the express provisions of our statute of frauds (Code, § 4289). Manning v. Pippen, 95 Ala. 537, 11 South. 56; Allen v. Bromberg, 163 Ala. 620, 50 South. 884.

[3] In the present case the bill of complaint shows on its face that Cook's promise to devise his lands to complainant was not in writing; and, no facts being alleged to bring the agreement within the excepting clause of the statute, the demurrer on this ground was properly sustained. Other special grounds of demurrer are manifestly without merit and need not be considered.

[4] The bill can be amended to meet this objection by eliminating all allegations and prayers relating to the real estate of the testator, Cook, or by showing a written contract in compliance with the statute of frauds. As the bill contains equity, and is amendable, we think the trial court erred in decreeing the dismissal of the bill without allowing an opportunity for amendment, and the decree will now be modified so as to allow complainant to do so within 30 days from this date.

[5] On the general equity of the bill, it is contended by counsel for appellees that the contract here exhibited cannot, in any case, be enforced against Cook's widow, the respondent, Marie Boyd Cook. If she married J. H. Cook without knowledge of his agreement to devise and bequeath his property to complainant, it would seem, on the plainest principles of justice, that such an agreement would not be enforced against her, at least not without important limitations. Owens v. McNally, Adm'x, 113 Cal. 444, 45 Pac. 710, 33 L. R. A. 369. And, with respect to so much of the estate as is given to her by statute, including here all of the personalty (Code, § 3763), it seems perfectly clear that it cannot be subject to complainant's contract, as against the widow.

[6] The bill, however, merely alleges that the property was given by will to the two respondents, jointly, as we interpret it. The bill is therefore not wanting in equity with respect to the subjection of that part of the personal estate bequeathed to Watts, if any, and relinquished by the widow by her acceptance of the provision made for her by the will.

If all the personalty was given to the widow, that fact can be made to appear by answer, and complainant's prayers for relief would be denied.

The decree sustaining the demurrer will be affirmed, but the decree dismissing the bill will be conditioned upon complainant's failure to appropriately amend the bill within 30 days.

Affirmed in part, and modified in part.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.