(89 South. 716)

## POE v. KEMP.  (6 Div. 79.)

(Supreme Court of Alabama.   Feb. 3, 1921. Rehearing Denied June 23, 1921.)

1. Specific performance ⊕⇒75 — Contract for support during life not enforceable.

Contract whereby complainant was to live with and take care of defendant during her life in return for a house and lot held not enforceable in equity, being mutually executory and incomplete until defendant's death.

2. Specific performance ⊕⇒86 — Remedy for breach of contract to give realty in consideration of support at law, and not in equity.

Where complainant was to care for defendant during her life in return for a house and lot, and was put in possession, defendant making a will devising the property to complainant, saying it was a deed, but defendant subsequently devised the property to another, the remedy, during defendant's life, was at law for breach of contract, and not in equity for specific performance.

Appeal from Circuit Court, Fayette County; Henry B. Foster, Judge.

Bill by Savannah Poe against Sarah E. Kemp to specifically enforce a contract. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

The case made by the bill is that, after the death of John Kemp, Sarah E. Kemp procured Savannah Poe to leave her home and come to the home of Sarah E. Kemp to look after and care for her. Complainant did this, and Sarah E. Kemp erected a small cottage, staked off the lot, putting Savannah Poe in possession thereof and later delivered to complainant an instrument in the form of a will, which respondent represented to complainant as a deed to the house and lot in question. Complainant alleges that for more than five years she has cared for and looked after respondent, but that without fault on her part respondent has abrogated the contract and refused to let complainant live with her and has ousted her or is endeavoring to oust her of possession of the premises and has made and executed a will leaving the property to another. The demurrers pray the question of complete and adequate remedy at law, that the contract was indefinite and personal, had not been wholly performed, and that the court is without jurisdiction to enforce it specifically.

Beasley & Wright, of Fayette, for appellant.

The bill contains equity, and the court erred in sustaining demurrers to it. 80 Ala. 451, 2 South. 624, 60 Am. Rep. 107; 200 Ala. 458, 76 South. 390; 36 Cyc. 78; 202 Ala. 525, 81 South. 27.

Ray & Cooner, of Jasper, and McNeil & Monroe, of Fayette, for appellee.

Rights under a will cannot be asserted until the will has been properly probated. 108 Ala. 366, 18 South. 831; 85 Ala. 345, 5 South. 83; 65 Ala. 305; 2 Ala. 152. The contract is not such as the court can specifically enforce. 200 Ala. 276, 76 South. 43, and cases cited; 36 Cyc. 621, 622, and notes. 164 Ala. 329, 50 South. 1025; 157 Ala. 298, 47 South. 1007.

MILLER, J.   This is a bill for specific performance of an oral contract between

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

complainant and defendant. The defendant demurs to the bill as last amended.

The complainant is to live with, look after, and care for defendant, who is old and feeble, during her life. Defendant is to give her house and lot described in the complaint. Complainant is put in possession of the house, defendant makes will devising it to complainant and delivers the will to complainant, and calls it a deed. The defendant has made a new will, and devised this house and lot to another.

Complainant avers that defendant has breached this contract, and she is ready, willing, and able to perform her part thereof. The complainant gives the contract in detail—fuller than the above statement of it.

[1] This contract, as alleged in the complaint, is continuous in its nature. It cannot be completed until the death of the defendant. It requires and calls for continued and successive acts by complainant and defendant of a mutual nature during defendant's life. The character and nature of these acts are such that they cannot be enforced by a decree of the court. The contract is not complete. It is mutually executory. It involves personal acts of each party. It will not end during the life of defendant. Equity would be in the bill of complaint if complainant had performed her part in full and defendant was dead and enforcement of the contract was asked against her representative. Bolman v. Overall, 80 Ala. 451, 2 South. 624.

[2] If the contract was made as alleged, and if it has been breached by the defendant, the remedy, during the life of defendant, is not in a court of equity for specific performance, but in a court of law for damages for its breach. Chadwick v. Chadwick, 121 Ala. 580, 25 South. 631; Black Diamond Coal Co. v. Jones Coal Co., 200 Ala. 276, 76 South. 42; Tombigbee, etc., R. Co. v. Lumber Co., 155 Ala. 575, 47 South. 88; Stewart v. White, 189 Ala. 194, 66 South. 623; Gardner v. Knight, 124 Ala. 278, 27 South. 298.

The court below sustained demurrers of defendant to the bill of complaint as amended.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.