(109 So. 155)
STONE v. BURGESON.    (6 Div. 503.)

(Supreme Court of Alabama.   June 17, 1926.)

1. Specific performance ⬪86—Wills ⬪68.

Valid contract to will property to particular person may be enforced, after promisor's decease, by action against personal representative for breach, or by bill in nature of specific performance against heirs, devisees, or personal representatives.

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Wills ⊗═68.**

Only remedy for breach, during life of promisor, of contract to will property to particular person, is by action at law for damages.

**3. Specific performance ⊗═127(3).**

In bill in nature of specific performance of respondent's agreement to will certain property to complainant, allegation that items of account between parties were complicated *held* not to authorize equity to retain bill.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by O. L. Stone against Carl Burgeson. From a decree dismissing the bill, complainant appeals. Affirmed.

The bill of complaint in this case is in the nature of a bill for the specific performance of an agreement by the respondent, an aged man, to execute a will bequeathing and devising his property, real and personal, to the complainant in consideration of the complainant's undertaking to render certain personal services to the respondent during the latter's lifetime, and to keep his home place in repair, and to give him financial aid.

The amended bill avers execution of the agreement on the part of complainant by moving on respondent's place, caring for his wants, and expending large sums in the repair and improvement of the dwelling house and premises. It avers also that respondent prepared and signed a will duly attested, devising his property to complainant according to the agreement, and that he exhibited this will to complainant. But, it is further charged:

"The respondent has repudiated his agreement and intends (to) or has destroyed the will above referred to, and has brought suit on the note hereinabove referred to, and has refused to allow any credits on same, and it is desirable, necessary, equitable, and proper that an accounting be stated by the complainant and respondent because said items between them are complicated or can only be accounted for in a court of equity."

The note referred to is a note for $600 for money lent by respondent to complainant during the time the latter was performing his part of the agreement; which money, it is alleged, was expended by complainant in the improvement of respondent's property.

The prayer is for a decree ascertaining the amount of respondent's indebtedness to complainant, as alleged, and declaring it to be a lien on respondent's land, or, in the alternative, for a decree requiring respondent to carry out his agreement by executing a will as promised.

Lipscomb & Lipscomb, of Bessemer, and T. J. Lamar and W. A. Weaver, both of Birmingham, for appellant.

The bill should not have been dismissed; it had equity as one to enforce a lien upon the land in complainant's favor. Jones v. Gainer, 157 Ala. 218, 47 So. 142, 131 Am. St. Rep. 52; Powell v. Higley, 90 Ala. 103, 7 So. 440; Bolman v. Overall, 80 Ala. 451, 2 So. 624, 60 Am. Rep. 107; Thomas v. Feese (Ky.) 51 S. W. 150. A trust upon the land is due to be fastened for the amount expended by complainant for improvements. Duvale v. Duvale, 56 N. J. Eq. 375, 39 A. 687, 40 A. 440; Bird v. Pope, 73 Mich. 483, 41 N. W. 514.

Morris Loveman, of Birmingham, for appellee.

Appellant has an adequate remedy at law. Sadler v. Robinson, 2 Stew. 520; Merritt v. Ehrman, 116 Ala. 278, 22 So. 514; Davidson v. Adams, 119 Ala. 310, 24 So. 420; Cockrell v. Coleman, 55 Ala. 583; Williams v. Neal, 152 Ala. 435, 44 So. 551. There is no such complication of accounts as gives the bill equity for an accounting. Hudson-Kennedy Co. v. Vaughan, 57 Ala. 609.

SOMERVILLE, J. The rights of the parties to an agreement such as the one set out in this bill of complaint, and the mode and extent of its enforcement by a court of law or equity, have been fully discussed and determined by this court. Bolman v. Overall, 80 Ala. 451, 455, 2 So. 624, 60 Am. Rep. 107; Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am. St. Rep. 46; Walker v. Yarbrough, 200 Ala. 458, 76 So. 390; Mayfield v. Cook, 201 Ala. 187, 77 So. 713; Poe v. Kemp, 206 Ala. 228, 89 So. 716; Taylor v. Cathey, 211 Ala. 589, 100 So. 834.

[1] These cases hold that a valid contract by a promisor to dispose of his property by will to a particular person may be enforced in the courts, *after his decease*, by an action for its breach against the personal representative, or, in a proper case, by bill in the nature of specific performance against his heirs, devisees, or personal representatives.

[2] These cases also hold that, in case of the breach of such a contract during his lifetime by the party who agreed to make the will, the remedy is not in equity by bill for specific performance, or for relief in the nature of specific performance, but only by an action at law for damages. Poe v. Kemp, supra; Bolman v. Overall, supra; Manning v. Pippen, supra. Indeed, in the two last cited cases the court was apparently of the opinion that there could be no actionable breach of an agreement to make a will until after the death of the promisor without performance.

[3] But, however that may be, this bill, filed against the living promisor, is without equity, and the demurrer was properly sustained. The want of equity in the primary purpose of the bill is not supplied by the mere allegation that the items of account

between the parties are complicated, so as to authorize a retention of the bill as one for an accounting. Pollak v. Claflin, 138 Ala. 644, 35 So. 645, 647; Knotts v. Tarver, 8 Ala. 743; Beggs v. Edison, etc., Co., 96 Ala. 295, 11 So. 381, 38 Am. St. Rep. 94; State v. Bradshaw, 60 Ala. 240. The specific allegations of the bill contradict the theory of a complicated account and show that nothing more is required in the statement of the account than the simple arithmetical processes of addition and subtraction.

The original bill having been amended without effect, the amended bill was properly dismissed after demurrer sustained for want of equity.

Affirmed.

All the Justices concur.