### COX v. HUTTO et al.   (8 Div. 955.)

Supreme Court of Alabama.   May 19, 1927.

1. Time ⟨key⟩10(9)—Appeal taken on 31st day after date of decree overruling demurrer, 30th day being on Sunday, held timely (Code 1923, §§ 13, 6079).

Appeal from decree overruling demurrer to bill in equity, under Code 1923, § 6079, taken on 31st day after decree, which was Monday following 30th day, which was on Sunday, *held* taken within time, and motion to dismiss was properly overruled, under section 13.

2. Wills ⟨key⟩58(1)—Instrument, obligating deceased and wife to will plaintiffs their property, held contract to execute will, rather than deed.

Instrument, obligating deceased and wife to will all real and personal property to plaintiffs in consideration of care during their lives, *held* contract to execute will operative on prop-

erty at death of testators, rather than deed to specific property.

**3. Wills ⊚⟹59—Contract to execute will requiring beneficiaries to care for testators during life held supported by valuable consideration.**

Contract to execute will of property to plaintiffs, obligating plaintiffs to care for testators as long as they lived, *held* supported by valuable consideration.

**4. Specific performance ⊚⟹114(4)—Bill stating that plaintiffs performed duties under contract to execute will held to make case for specific performance.**

Bill, reciting execution of contract to execute will by deceased, leaving property to plaintiffs in consideration of care of deceased during life and performance by plaintiffs of terms of contract, presented proper case for specific performance by divesting heirs of title and vesting title in plaintiffs as devisees and legatees as if will had been made according to contract.

**5. Descent and distribution ⊚⟹126—Heirs of deceased, contracting to make will in favor of plaintiffs, succeed to legal title in trust for plaintiffs.**

Where deceased contracted to make will in favor of plaintiffs, who were to care for deceased during life, heirs succeeded to legal title to lands in trust for plaintiffs.

**6. Wills ⊚⟹58(1)—General description of personal estate in contract to execute will, having operation as will, held sufficient.**

Under contract to execute will of all real and personal property, having operation as will, passing all property owned at time of decedent's death, general description of personal estate is sufficient without inventory.

**7. Wills ⊚⟹58(1)—Agreement to make will held not unenforceable, because executed by husband and wife jointly.**

That agreement to make will was executed by husband and wife jointly does not render it invalid or unenforceable.

**8. Specific performance ⊚⟹116¾—Code, rendering conveyances in consideration of support of grantor, voidable at grantor's option, must be set up by plea or answer, not demurrer to bill for specific performance of contract to make will (Code 1923, § 8046).**

Code 1923, § 8046, rendering conveyances of land in consideration of support of grantor during life voidable at his option, by proceedings in equity during his life, is defensive to bill for specific performance of contract to make will, and must be set up by plea or answer and not by demurrer.

**9. Constitutional law ⊚⟹145—Contract to make will existing at time Code rendering conveyances in consideration of support of grantor, voidable at his option, became effective, cannot be impaired thereby (Code 1923, § 8046).**

Code 1923, § 8046, rendering conveyances of land in consideration of support of grantor during life voidable at grantor's option during life, cannot be construed to impair obligation of contracts to make will existing at time it became effective.

**10. Equity ⊚⟹148(3)—Bill for specific performance of contract to make will, though defective as statutory bill to quiet title, held not subject to demurrer for multifariousness (Code 1923, §§ 6526, 9905, 9906, 9908).**

Bill to enforce specific performance of contract to make will, alleging execution and delivery of contract, failure to make will, ownership of property, and performance by plaintiffs of duties under contract, though defective as bill to quiet title for want of statutory averments, in view of Code 1923, §§ 9905, 9906, 9908, *held* not subject to demurrer for multifariousness, under Code 1923, § 6526.

**11. Specific performance ⊚⟹114(6)—Prayer for adjudication of title in plaintiffs held appropriate, under bill for specific performance of contract to make will.**

Under bill for specific performance of contract to make will, prayer for adjudication of title to property in complainants *held* appropriate.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill in equity by E. M. Hutto and another against George Cox and others, and all other known heirs of E. R. Kirby, deceased, for specific performance of contract to make a will. From a decree overruling demurrer to the bill, defendant George Cox appeals. Affirmed.

Stell & Quillin, of Russellville, for appellant.

The instrument in suit is not effectual as a will. It is signed by two parties, and there is no provision of law for two parties to join in the same will. The instrument is in form a deed. Code 1923, § 10598; Elston v. Price, 210 Ala. 579, 98 So. 573; Blacksher Co. v. Northrup, 176 Ala. 190, 57 So. 743, 42 L. R. A. (N. S.) 454; Phillips v. Phillips, 186 Ala. 545, 65 So. 49, Ann. Cas. 1916D, 994; Mays v. Burleson, 180 Ala. 396, 61 So. 75; Abney v. Moore, 106 Ala. 131, 18 So. 60; Whitten v. McFall, 122 Ala. 619, 26 So. 131. The instrument contains no words of grant, and cannot operate as a conveyance. Webb v. Mullins, 78 Ala. 111. A conveyance, the consideration of which is agreement to support the grantor, is voidable at option of the grantor, except as to bona fide purchasers for value. Code 1923, § 8046. A bill seeking to enforce the performance of a trust and to quiet title is multifarious. Leslie v. Leslie (C. C.) 84 F. 70; 21 C. J. 414. Equity has no jurisdiction to quiet title to personal property. Bailey v. Folsom, 207 Ala. 329, 93 So. 479; Mobile T. & W. Co. v. Hartwell, 206 Ala. 7, 89 So. 446. The last day of the time allowed for taking appeal falling on Sunday, that day was excluded, and the next day, Monday, was properly counted as the last

day. Code 1923, § 13; Stewart v. Keller, 197 Ala. 575, 73 So. 89; Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13; A. G. S. v. Hunt, 17 Ala. App. 566, 86 So. 97; Southern P. & V. Co. v. Webb, 19 Ala. App. 22, 94 So. 837; Cochran v. State, 206 Ala. 74, 89 So. 278.

Williams & Chenault, of Russellville. for appellees.

The appeal was not taken within 30 days, and should be dismissed. The instrument is an agreement to make a will, and, the makers having failed to execute the will, the same may be enforced in equity. Bolman v. Overall, 80 Ala. 451, 2 So. 624, 60 Am. Rep. 107; Noble v. Metcalf, 157 Ala. 295, 47 So. 1007; Taylor v. Cathey, 211 Ala. 589, 100 So. 834; Stone v. Burgeson, 215 Ala. 23, 109 So. 155; Walker v. Yarbrough, 200 Ala. 458, 76 So. 390.

BOULDIN, J. [1] The appeal is from a decree overruling a demurrer to a bill in equity. Code, § 6079. The decree was entered February 18th, and the appeal taken on March 21, 1927, the 31st day after the date of the decree. March 20th, the 30th day, was Sunday. The appeal taken on Monday following was within time, and the motion to dismiss is overruled. Code, § 13; Stewart v. Keller, 197 Ala. 575, 73 So. 89.

The bill is filed by E. M. Hutto and Minnie Hutto against the appellant and others as heirs at law and distributees of the estate of E. R. Kirby, deceased. In substance, it avers: That on October 2, 1923, E. R. Kirby and his wife, Mollie Kirby, "executed and delivered to these complainants a writing or contract agreeing to or obligating themselves to will to these complainants all of the real estate and personal property owned by the said E. R. Kirby and wife, Mollie Kirby, at the time of their death"; that E. R. Kirby died without complying with such contract; that at the time of his death he owned certain described lands, and personal property "consisting of cows, household goods, a stock of merchandise, notes and accounts due him, and money in the bank"; that complainants are in possession claiming to own said lands and personalty. The contract or writing made exhibit to the bill recites:

"That we, E. R. Kirby and wife, Mollie Kirby for the virtue, love and respect we have for E. M. Hutto and wife, Minnie Hutto, we are this day, October 2, 1923, entering into an obligation the following described property, to wit:

"To E. M. Hutto and wife, Minnie Hutto, while we are both in health and bind ourselves in this obligation to will all our real estate and personal property to them at our death it is understood that they shall care for us as long as we both may live and they are not to come in possession in any part of our property until both of our deaths."

Then follows the habendum clause, and full covenants of warranty usual to deeds is signed and acknowledged before a justice of the peace.

The bill further avers:

"These complainants allege that they have for years lived with or near the said E. R. Kirby and his wife, Mollie Kirby, and cared for them and looked after them as long as they lived, and that they fully and completely complied with all their terms and agreements of said contract,"

—and prays: •

"That this court will make and enter a decree of specific performance against said respondents decreeing that said contract be specifically performed to make these complainants the owners of said real and personal property above set out."

[2, 3] The instrument is a contract to execute a will, operative upon the property owned at the death of testators, rather than a deed to specific property. It is supported by a valuable consideration.

[4, 5] The bill presents a proper case for relief in the nature of specific performance. The heirs succeed to and hold the legal title to the lands in trust for the complainants. Complainants are entitled to have this title divested and vested in themselves and their status as devisees and legatees adjudicated as if a will had been made according to contract. Stone v. Burgeson (Ala.) 109 So. 155;[1] Bolman v. Overall, 80 Ala. 451, 455, 2 So. 624, 60 Am. Rep. 107; Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am. St. Rep. 46; Walker v. Yarbrough, 200 Ala. 458, 76 So. 390; Mayfield v. Cook, 201 Ala. 187, 77 So. 713; Poe v. Kemp, 206 Ala. 228, 89 So. 716; Taylor v. Cathey, 211 Ala. 589, 100 So. 834.

[6] The contract having operation as a will, passing all the property owned at the time of decedent's death, the general description of the personal estate is sufficient. No inventory was required.

[7] That the agreement to make a will was executed by husband and wife jointly does not render it invalid or unenforceable. Schumaker v. Schmidt, 44 Ala. 454, 4 Am. Rep. 135; 28 R. C. L. p. 166, § 122.

The bill sufficiently shows the death of both makers before the bill was filed, and that the husband survived the wife.

[8, 9] Code, § 8046, rendering conveyances of land in consideration of support of the grantor during life, voidable at his option by proceedings to annul in equity brought during his life, is defensive to a bill of this character, and must be set up by plea or answer and not by demurrer. Whether it applies to a contract to make a will, we need not here consider. In no event could that statute be construed to impair the obligation of contracts existing at the time it became effective.

---

[1] 215 Ala. 23.

[10] Averments of section 7 of the bill appear to be framed under the statute to quiet title to lands. Code, § 9905. It does not call for the statutory answer (section 9906), nor for statutory relief (section 9908). As a bill of this character it is defective. But the demurrer goes only to question of multifariousness. The bill is not subject to this ground of demurrer. Code, § 6526; Reddick v. Long, 124 Ala. 260, 27 So. 402.

[11] Relief in the nature of specific performance is the substantial equity of the bill. The prayer for adjudication of title in complainants as against respondents is not inappropriate to this form of relief.

We find no error in overruling the demurrer.

No question is raised for nonjoinder of a personal representative of the estate, or want of averments of no necessity therefor. We mention this that our decision may not be misleading, especially in view of personal property of the estate involved in the suit.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.