(127 So. 524)

## TIPTON v. DUKE.

### 6 Div. 582.

Supreme Court of Alabama.

March 20, 1930.

Rehearing Denied April 17, 1930.

H. A. Entrekin, of Birmingham, for appellant.

Rudulph & Smith, of Birmingham, for appellee.

ANDERSON, C. J.

Whether the two pleas, designated "Special Plea No. 1," and "Plea of Estoppel," were subject to demurrer or not, we need not determine, as the facts therein set up were provable under the plea to which the demurrer was overruled, and, in fact, were embodied in the agreed statement of facts upon which the case was tried. The fact that one of the pleas was labeled "Plea of Estoppel" did not render it such or prevent the facts relied upon from being shown under the general issue.

The case was tried by the lower court without a jury and upon an agreed statement of facts. We think that the only logical conclusion to be drawn is that the plaintiff wanted to remove the lien held by defendant under his judgment against his brother, W. M. Duke, in so far as it may have related to his part of the land and in order that he might make a clear title to Burnett. In other words, it was the contemplation of the parties that, if the plaintiff could not or did not induce his brother to satisfy the defendant's judgment within the time fixed, the bank was to turn over to the defendant the $100 which was to operate as a satisfaction or release of the judgment in so far as it might relate to that part of the land which had been allotted to the plaintiff in the event the entire judgment was not satisfied within the time prescribed. It is inconceivable that the parties intended that the $100 was placed in bank as a mere bet or forfeiture in favor of the defendant, if the judgment was not satisfied within the time prescribed. There can be no question but what it was intended that the $100 was to operate as a credit on the judgment and a satisfaction thereof so far as it may have been a lien on the plaintiff's part of the land. Therefore, when W. M. Duke paid the judgment in full and in ignorance of the fact that his brother had paid or advanced $100 on same, he paid $100 too much under a mistake of facts and which said sum in equity and good conscience belonged to and should have been paid to the plaintiff in the present case.

Assumpsit is an action of an equitable character, liberal in form, and greatly favored by the courts as a remedy. Allen v. Mendelsohn, 207 Ala. 527, 93 So. 416, 31 A. L. R. 1063. "The equitable action for money had and received is supported by any state of facts showing money in the possession of the defendant which in equity and good conscience belongs to the plaintiff, and which he is entitled to receive." Chandler v. Wilder, 215 Ala. 209, 110 So. 306, 307.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.