185 So. 390

**HENDRIX v. PIQUE.**

I Div. 12.

Supreme Court of Alabama.

Dec. 22, 1938.

Gordon, Leigh, Leigh & Gordon, of Mobile, for appellee.

Alex. T. Howard, of Mobile, for appellant.

FOSTER, Justice.

This is a suit at law for a sum of money alleged to be owing plaintiff by virtue of a contract made by defendant's testate represented by a letter alleged to have been signed by him and given to plaintiff. The letter is as follows:

"You have been so very nice to me during the past several years—writing all of my letters and telegrams for me and mailing them, even furnishing the postage, that I want to do something for you. You refuse every time to let me pay you for

your trouble. What I am getting at is, I do not want you to do my work for me unless I can reimburse you for your trouble. Therefore, this letter will entitle you to the sum of Seventeen hundred and fifty ($1750) dollars from my estate, after I am gone. With this understanding, I shall be glad to have you continue to do my work for me.

"I hope you will put this letter away in your desk and do me the favor to use it later on.

"Sincerely,

"Answer me.                    John Craft."

There were four counts to the complaint, the first three were the common counts. Number 4 was on the contract specially stated, and alleged, as amended, that the consideration of the contract was stenographic and secretarial services which he rendered decedent before and after the letter was given him.

Demurrer to this count was overruled.

The suit was tried on the general issue and plea of non est factum to count 4, without a jury, and a judgment was rendered for defendant, and plaintiff appeals.

The evidence was in conflict as to whether the signature of decedent to the letter was genuine. Many documents were offered and used for comparison of signatures and much evidence related to the details of the formation of the letters in his signature. There was objection made to the letter as evidence when all this had been done, and at the conclusion of it all, on the grounds as stated in the bill of exceptions: "That the paper offered in evidence is testamentary in its nature and is not attested or witnessed as required by law for the execution of testamentary instruments or wills, and upon the further grounds that it has not been shown that this instrument has ever been admitted to probate or record, and upon the further grounds that plaintiff has not made sufficient proof of the due execution and delivery of the instrument and it has never been proved that it was accepted or acted upon; and furthermore, upon the bottom of the letter are these words, 'answer me' and it has never been shown that there was ever any answer made to the proposition, accepting it as made; and upon the further grounds the complaint alleges that in pursuance of this letter he went ahead and did the work and there is no such proof to sustain the allegation in the complaint."

The court sustained the objection, and plaintiff excepted and assigned the ruling as error.

In addition to that assignment the others consist of the rulings sustaining objections to certain questions to plaintiff's witness McCorvey, and to plaintiff as a witness in his own behalf.

The bill of exceptions shows that documents were introduced in evidence for the purpose of comparing the handwriting with that of the signature to the letter, and those documents are not all set out in the bill of exceptions, and none of them are certified to us under rule 24.

If the question on this appeal hinged on a finding by the trial court that the signature was not genuine, we could not review the finding, though the bill of exceptions recites that it contains all the evidence, for it otherwise shows that all the evidence is not set out in it. Patton v. Endowment Dept., 232 Ala. 236, 167 So. 323; Missouri State Life Ins. Co. v. Stuckey, 224 Ala. 590, 141 So. 246.

But since the court sustained objection to the letter, if that ruling was erroneous, it will be necessary to reverse the judgment for defendant. And if the court erred in sustaining objection to certain evidence offered by plaintiff which was material, such error would work a reversal even though it be but cumulative.

The rule is that when a suit is tried by the court without a jury, and the evidence on a point is conflicting, and the court erroneously sustains objection to some of it which is material on that point, though cumulative, it is prejudicial error to the party offering it. Springer v. Sullivan, 218 Ala. 645, 119 So. 851.

But the first question which we think should be considered is whether the court erred in sustaining objection to the letter on any ground assigned, which we have set out in full. The first point or ground of objection, and which counsel in argument think was controlling in the mind of the trial judge, was that the letter is testamentary in nature and not duly attested to be sufficient as such, and has not been probated as a part of the will of decedent. The argument loses sight of the fact that a contract binding as such may be testamentary in form, though not witnessed as required of wills, and is to be performed at or after the contractor's death. It is said in Bolman et al. v. Over-

all, Ex'r, 80 Ala. 451, 2 So. 624, 625, 60 Am.Rep. 107: "Cases are frequent in which instruments have been construed to be partly testamentary and partly contractual; and, when based on a valuable consideration, a paper in form a will may, especially when delivered to a party interested, or to another for him, constitute legally and in fact an irrevocable contract." Citing Taylor v. Kelly, 31 Ala. 59, 68 Am.Dec. 150; Kinnebrew's Distributees v. Kinnebrew's Adm'rs, 35 Ala. 628.

The consideration of the testamentary contract there in question was for "past and future treatment." And it was pointed out that services rendered in mere expectation of a legacy are not sufficient. "There must be a contract, express or implied, stipulating for an agreed compensation by way of legacy or devise." It is also said that such a contract creates an equitable right in the nature of a trust enforceable against the personal representative of decedent, as a covenant to stand seized to the use of the promisee. There she had agreed to and did will everything except some specific items to the promisee in consideration of services and gave her the will so executed. Later the testator undertook to and did make another revoking that one. Her last will was probated. The court was dealing with the effect of the first as a contract, notwithstanding the probation of the second which also undertook to revoke the first. As a will the first was of course revoked. As a contract it was not affected. The rights of the legatee under the first will which was made pursuant to a contract for a valuable consideration remained in full force. As a contract, it is immaterial whether it is in writing and attested or verbal, (except as affected by the statute of frauds), or its form, whether that of a will, formal contract, or an informal expression which shows an unqualified obligation. But it must be upon a sufficient consideration.

Under this principle, if one in such manner agrees to provide a legacy out of his estate, or a certain sum so payable at his death, his personal representative succeeds to the estate of decedent, encumbered with a burden in the nature of a trust to pay the same as contracted by the decedent. Such a right being contractual is not affected by a will nor its probate. It leaves decedent while in life free to dispose of his property effective while he lives as he sees fit. But out of what he leaves which descends or is subject to his will, he has bound himself for a valuable consideration, effective against his personal representative, that his promisee shall have a stipulated sum. He has thereby created a trust on his descendible property to that extent. Those principles have been repeatedly reaffirmed. Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am.St. Rep. 46; Allen v. Bromberg, 147 Ala. 317, 41 So. 771; Walker v. Yarbrough, 200 Ala. 458, 76 So. 390; Taylor v. Cathey, 211 Ala. 589, 100 So. 834; Mayfield v. Cook, 201 Ala. 187, 77 So. 713; Poe v. Kemp, 206 Ala. 228, 89 So. 716; Richards v. Williams, 231 Ala. 450, 165 So. 820.

Appellee here relies upon Kinnebrew's Distributees v. Kinnebrew's Adm'rs, supra, cited in Bolman v. Overall, supra, as holding to the contrary. It is certain that the court then did not so think, since it is cited in Bolman v. Overall. But it is apparent that the controlling difference is that in the Kinnebrew Case, supra, there was no substantial valuable consideration. Everything there declared is referable to that fact. Since that time the subject has been fully and repeatedly considered in connection with a contract similar in principle to the one there considered, except that there was a full consideration. So that in Bolman v. Overall, supra, matters left open in the Kinnebrew Case are closed.

■ It is noted that such rights of a promisee are determined on equitable principles. Therefore it takes more than a nominal consideration. Equity will not create a trust except where substantial rights are involved.

■ But when the purpose is only to recover a sum of money, not specific property, whether that money is due by reason of an executed contract, or because equity creates a constructive trust of it, and no relief is sought but a personal judgment, it is not necessary to declare on the contract or specify the circumstances out of which the trust arises in a suit at law. The common counts are sufficient. Price v. Pickett, 21 Ala. 741, 743; Westmoreland v. Foster, 60 Ala. 448; Ehrman v. Oats, 101 Ala. 604, 14 So. 361; Peters v. Rhodes, 157 Ala. 25, 47 So. 183; Patton v. Darden, 227 Ala. 129, 148 So. 806; Webb v. Darrow, 227 Ala. 441, 150 So. 357; Richards v. Williams, supra.

The particular remedy which would be available would depend upon the nature

of contract, when and how it is to be performed, the kind of property or rights which are involved, and the status of the parties.

In this case, the common counts will answer all the requirements for an appropriate remedy. Richards v. Williams, supra. The contract recites a full and adequate consideration. It is clear and precise and not dependent upon any sort of conduct by plaintiff. It contemplates that plaintiff shall continue to work for him as a part of the consideration. If plaintiff failed to render any such services when requested by Senator Craft to do so, that would be a partial defense to the common counts and the burden would be on defendant to prove such a failure of consideration in so far as they are concerned.

The fourth count made allegation negativing such failure. But this was an unnecessary burden, for without it the common counts are sufficient. Tipton v. Duke, 221 Ala. 77, 127 So. 524; Allen v. M. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A.L.R. 1063; Chandler v. Wilder, 215 Ala. 209, 110 So. 306; Rutherford v. Cowling, 200 Ala. 556, 76 So. 914; Elrod Lumber Co. v. Moore, 186 Ala. 430, 65 So. 175.

On the common counts, the burden was on plaintiff to prove that money was due him under a contract which was sufficient on its face and thereby showed a valuable consideration, with no unfulfilled burden on plaintiff as a condition to its validity or the liability of defendant on it. This includes of course the execution of the contract, since it is not declared on in such counts. But if all this is shown, the burden is then upon defendant to prove any such defenses as want or failure of consideration, recoupment, etc., Elrod Lumber Co. v. Moore, supra.

So that whether reliance is based on the common counts or the fourth count, the burden was on plaintiff to prove the execution of the alleged contract, in the form of a letter. There was a plea of non est factum to the fourth count.

There was conflicting evidence on that issue, relating largely to the handwriting of the alleged maker. Witnesses knowing his handwriting testified that it was in their opinion the genuine signature of Senator Craft. Others testified to a different conclusion. But such conflict did not justify the ruling excluding the letter as evidence. This was one ground of objection.

Another ground of objection was that there was no proof that it had been accepted and acted upon. Aside from the fact that there was evidence which justified such a finding, it was not necessary under the common counts, though it was so alleged in the fourth count. Its acceptance was not a condition to its effect, nor is any certain conduct by the promisee so made. Such failure of consideration in whole or in part was available as defensive matter to the common counts, but was no just ground for excluding the letter as evidence of a contract.

We do not think the super-added words "Answer me" indicate that it was not to be binding until the promisee should answer. Just what they mean is not clear. But they are evidently not indicative of a condition precedent. Fairly interpreted, we think the letter shows a purpose to bind his estate to that extent, and that it is based on a sufficient consideration, and that the objection to it should not have been sustained.

It follows that the judgment must be reversed. There are other assignments relating to rulings which may be made on another trial, and, therefore, we should treat them.

On the subject of handwriting, Gessner T. McCorvey was a witness for plaintiff and testified as follows: "I knew Senator Craft in his lifetime. We were interested in some properties, and different kinds of transactions, and legislation and matters like that. I had letters from the Senator and we have several in our files. Aside from the receipt of letters from the Senator I cannot say I ever saw him write. I have received letters from him but I never handled any business for him. I received the letters. Some of them came to me. There are several letters from the Senator in a file. I think one or two were addressed to me personally and Mr. McLeod had some. I never saw him write his name. I do not know whether he actually signed these letters or somebody else signed them for him. All I know is, they were in reply to letters I wrote him."

Upon the basis of that predicate the court refused to allow the witness to state that in that way he had become familiar with the Senator's handwriting, and his

signature, and that the letter was signed in his handwriting. It is noted that the predicate does not include the direct statement that the letters came from his known place of residence or business or that those to him were so directed. This is sometimes stated as an incident of such evidence in the absence of other evidence that he signed the letters received by the witness. Campbell v. Woodstock Iron Co., 83 Ala. 351, 359, 3 So. 369. Though it is not always so expressed. Gilliland v. Dobbs, 234 Ala. 364 (7), 174 So. 784; Griffin v. Working Women's Home Ass'n, 151 Ala. 597, 603, 44 So. 605; 22 Corpus Juris 627, 628, section 719.

The objection did not specifically take that point. We do not think that the objection should have been sustained on that ground without specifying it as a ground so as to enable counsel to shape the questions accordingly. Indeed, we do not wish to say that the predicate was not sufficient against such specific objection. On another trial this exact situation need not arise.

While plaintiff was testifying for himself, he undertook to swear that he did stenographic work and rendered services to Senator Craft, both before and after he received the letter. Objection was made on the ground that he was disqualified by reason of interest under section 7721, Code. The objections were sustained and now duly presented for review.

This is the status the court was treating in Richards v. Williams, supra. Additional authority is not necessary to show that the rulings were laid in error.

Reversed and remanded.

GARDNER, BOULDIN, and KNIGHT, JJ., concur.