6 So.2d 481

### STONE v. LACY.

### 6 Div. 946.

Supreme Court of Alabama.

Feb. 19, 1942.

Rehearing Denied March 12, 1942.

394

J. A. Lipscomb, of Bessemer, and Theodore J. Lamar, of Birmingham, for appellant.

L. Herbert Etheridge, of Bessemer, for appellee.

BROWN, Justice.

The appeal is from an interlocutory decree sustaining the defendant's demurrer to the bill as last amended.

The bill is by the appellant against the grantee of Carl Burgeson, deceased, filed within one year after Burgeson's death, to enforce an equitable interest in the property described in the bill, as alleged, arising out of an agreement, between Burgeson and complainant, based upon a valuable consideration, that Burgeson would execute a will making complainant his sole devisee.

The equity of the bill depends upon whether or not the agreement as alleged, related to the specific property described in the second paragraph of the bill, of which Burgeson was seized and possessed at the time the agreement was entered into. The allegations found in paragraph 4 are: "That during said time while the said Carl Burgeson's health was impaired as above stated in the year 1920, the said Carl Burgeson proposed to complainant that complainant move upon said land, bringing with him his wife or family, and that he, the complainant, repair the house and make it habitable, repair the fences, and give to the said Carl Burgeson the comforts of home life, care and sympathy and financial aid which might reasonably be required of complainant to render in the premises, then in that event, the said Carl Burgeson agreed to devise, will and bequeath all and singular the

*real estate,* with the improvements and any other property both real, personal and mixed of which the said Carl Burgeson was seized and possessed." [Italics supplied.]

 We are of opinion that these allegations are susceptible of no other construction than that they relate to the real property described in said second paragraph of the bill, and said agreement created an equitable interest in or lien upon said property which a court of equity will and should protect and enforce against persons acquiring said property with notice or knowledge of such interest or lien. Wagar v. Marshburn, 241 Ala. 73, 1 So. 2d 303.

 Another point made by appellee is that the following, which we italicize, is a mere conclusion of the pleader "that at the time said deed was executed [by Burgeson to the defendant] and delivered the said respondent herein had knowledge, *either actual or constructive,* of complainant's rights in the premises." The 101st ground of the demurrer takes the point: "For that the Bill of Complaint as last amended *only avers,* as a mere conclusion of Complainant, that Respondent had constructive knowledge of Complainant's rights in the premises." The 102nd ground is to the same effect with the further challenge "and fails to aver any facts which would constitute constructive notice." [Italics supplied.]

We are of opinion that these grounds were well taken and justified the decree sustaining the demurrer. Town of Cullman v. McMinn, 109 Ala. 614, 19 So. 981; Bank for Savings & Trusts v. Jefferson Development Co., 234 Ala. 199, 174 So. 757. Constructive knowledge is but notice, and if the bill had averred that the defendant had notice, this would have been sufficient, and such averment could be supported by proof of either actual knowledge or notice. Town of Cullman v. McMinn, supra; Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311.

 The equity asserted by the bill is not within the influence of the lis pendens statute, Code of 1940, Tit. 47, § 66.

The time allowed for amending the bill having expired, ten days additional time is allowed to complainant to amend.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.