17 So.2d 865

**STONE v. LACY.**

**6 Div. 201.**

Supreme Court of Alabama.

May 11, 1944.

522

J. A. Lipscomb, of Bessemer and Theodore J. Lamar, of Birmingham, for appellant.

L. Herbert Etherdige, of Bessemer, for appellee.

STAKELY, Justice.

This is an appeal from a final decree of the equity court, denying the right of O. L. Stone (appellant) to establish an equitable interest in the real estate involved in the suit. The question for decision is whether T. E. Lacy, Sr. (appellee), is a bona fide purchaser for value of the real estate, without notice of the alleged equity of appellant.

This is the second appeal in this case to this court. In Stone v. Lacy, 242 Ala. 393, 6 So.2d 481, the equity of the bill was sustained by this court, provided the respondent had notice of the equitable interest of the complainant. Finding the allegations of the bill defective as regards notice, demurrer to the bill was sustained. Thereafter in the lower court the bill was amended to allege notice and the case tried on its merits with the aforesaid result.

The equity sought to be established grew out of an alleged agreement made in 1920 between Carl Burgeson, now deceased, and appellant. In substance Carl Burgeson, in feeble health and dependent for support on the cultivation of the land involved in the suit, agreed to execute a will, making appellant his sole devisee, if appellant would move on the land, bringing with him his wife or family, repair the house and fences, and give to him the comforts of home life, care and sympathy and such financial aid as might reasonably be required of appellant. Appellant claims to have moved on the place, spent large sums of money in making the necessary repairs and caring and providing for Carl Burgeson. Carl Burgeson, it is further claimed duly executed a will, leaving the property involved in this suit to appellant.

About 1923 appellant moved away from the place, taking Carl Burgeson with him. Carl Burgeson left appellant a short time thereafter.

It is further claimed that subsequently, Carl Burgeson repudiated the agreement and destroyed the will. As a result of this action, O. L. Stone (appellant here) instituted a suit against Carl Burgeson for specific performance of the agreement. That suit was appealed to the Supreme Court of Alabama. On June 17, 1926, in Stone v. Burgeson, 215 Ala. 23, 109 So. 155, this court refused to require specific perform-

ance of the agreement during the life of Carl Burgeson and sustained the dismissal of the bill.

On February 17, 1928, Carl Burgeson executed and delivered a warranty deed to T. E. Lacy, Sr. (appellee), conveying to him the property involved in this suit, except that a life estate was reserved in Carl Burgeson. The deed recited a consideration of six hundred twelve dollars and other valuable consideration.

■■ The proof shows that the consideration paid by appellee for the deed to himself was payment of the indebtedness, secured by a mortgage on the property made by Carl Burgeson to the First National Bank of Bessemer. The principal amount of the debt was $600. Since appellee proved his purchase of the property and payment of a valuable consideration, there is a presumption that the purchase was in good faith and the burden was on appellant of proceeding with the evidence to show that appellee took with notice of appellant's equity. Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223. Such notice, according to our cases, could be "actual or constructive, or knowledge of facts sufficient to put a reasonable person on inquiry, which, if followed up, would have discovered the title" asserted by appellee. Reeder v. Cox, 218 Ala. 182, 118 So. 338, 341. See also Hatter v. Quina, 216 Ala. 225, 113 So. 47; Ely v. Pace, 139 Ala. 293, 35 So. 877.

So the evidence must now be considered to see if appellee had notice of appellant's equity in accordance with the principle stated above. At the time the suit was instituted by appellant against Carl Burgeson, appellant filed in the probate court a lis pendens notice, as provided by the statute. The statute now appears as § 66, Title 47, Code of 1940. No entry of the dismissal of the suit on the margin of the lis pendens record had been made as provided by § 70, Title 47, Code of 1940, when appellee made his purchase.

"Where the proceedings in or as to the suit or levy, notice of which has been entered in the lis pendens record, shall be terminated, whether on the merits or not, the court wherein the same were pending may direct the judge of probate who has the custody of the record, to make such entry thereof as it shall prescribe, to give notice of the result of the proceeding, and of the devolution of the real estate, and the judge of probate shall at once, on presenta-tion thereof, file and record the prescribed entry and note the date of filing and recording on the record. The officer or party filing such notice must, within thirty days after demand, enter on the margin of the record of the same satisfaction of such claim under the lis pendens notice whenever the same shall have been fully satisfied or terminated, and such satisfaction shall have the same effect as if made by the judge of probate as hereinabove provided." § 70, Title 47, Code of 1940.

■■ It is insisted that the uncancelled lis pendens record is notice to appellee of the claim of appellant. But this court on the first appeal of this case declared that "the equity asserted by the bill is not within the influence of the lis pendens statute, Code of 1940, Tit. 47, § 66." Stone v. Lacy, 242 Ala. 393, 6 So.2d 481, 483. When appellee purchased the property in 1928, the suit of Stone v. Burgeson, supra, had terminated. This court in Batson v. Etheridge, 239 Ala. 535, 195 So. 873, made it clear that the statute applies only when the purchase is made during the pendency of the suit in which the rights which the purchaser bought are being litigated.

"The statute applies only when one purchases during the pendency of a suit in which the rights which such purchaser bought are being instantly litigated, and thereby makes available the common law principle." Batson v. Etheridge, 239 Ala. 535, 195 So. 873, 877.

It stands to reason that if recordation of the lis pendens notice was futile and unavailing to preclude appellee from being an innocent purchaser for value without notice, the situation is not changed where there is failure to cancel the notice. To hold otherwise would be to give force to the uncancelled notice, merely because it is uncancelled, regardless of the termination of the suit. See 38 C.J. p. 46. We do not think that the rights of appellee are affected by reason of the uncancelled lis pendens notice.

■ Appellant introduced in evidence part of the proceedings in the case of Stone v. Burgeson, supra, including the bill of complaint, the opinion of the Supreme Court and also certified copy of the lis pendens notice. It is contended that appellee was bound to inquire as to the title of Burgeson by examining the public records and that such examination would have disclosed the foregoing proceedings, which in turn would have disclosed the equity of appellant.

If the rights of appellee are not affected by recording the statutory notice of the proceedings, it follows that there could be no duty to make such inquiry as would lead to knowledge of the proceedings. It is true that appellee was charged "with notice of all deeds, documents and proceedings in his chain of title and with notice of all defects in such muniments of title." Vaughn v. Brue, Ala.Sup., 16 So.2d 17, 20.[1] But the proceedings in the suit of Stone v. Lacy, supra, are not a part of his chain of title. 14 C.J.S., Chain of Title, p. 349. Furthermore, appellee was not a party to the suit of Stone v. Lacy, supra, nor was he affected by that suit, because, while it was pending, he had no interest in the real estate involved therein.

"Equity as well as law charges a party with notice of public statutes, with such knowledge as might be gained by an inspection of the records of land title, where such inspection is required by law or suggested by ordinary prudence, and with knowledge of facts disclosed by the records of judicial proceedings to which he was party, but not of proceedings to which he was not a party and which did not affect him." Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., 171 Ala. 544, 549, 54 So. 685, 686.

Besides, tendencies of the evidence showed that when appellee paid the mortgage indebtedness to the bank and took the deed from Carl Burgeson, he made what he considered an adequate investigation of the title. He read the opinion that a competent attorney had given the bank at the time it made its loan to Carl Burgeson. The opinion approved the title. It was based on an abstract of title. The opinion made no reference to the equitable claim of appellant. We do not think that appellee was lacking in ordinary prudence.

As stated, when appellee made his purchase from Carl Burgeson, appellant was not in possession of the premises. There is no proof that appellee knew of the agreement between appellant and Carl Burgeson. Mere rumors in the neighborhood would not be sufficient to charge appellee with notice. 39 Am.Jur. p. 242; 46 C.J. p. 548. We conclude that the trial court decided the case correctly in favor of appellee. The court said "upon a consideration of the whole evidence, the court is of the opinion, and so holds, that the respondent was an innocent purchaser for value of the property in question and that complainant is not entitled to prevail over respondent in the ownership of said property."

The decree of the lower court is affirmed.

Affirmed.

THOMAS, FOSTER, and LIVINGSTON, JJ., concur.

