25 So.2d 720

**VICKERS v. PEGUES et al.**

6 Div. 393.

Supreme Court of Alabama.

April 18, 1946.

Chester Austin, of Birmingham, for appellant.

Francis Hare, of Birmingham, for appellees.

LAWSON, Justice.

The appeal is from a decree sustaining a demurrer to a bill in equity.

The bill is filed by Lillian Vickers against Charlotte Jones Pegues, Mary Beal and Charlotte Hennington, as heirs at law of one Martha Lewis, deceased.

In substance, the bill avers: That complainant and respondents are all the heirs at law of Martha Lewis, who died in June, 1943, possessed of certain described real estate; that complainant was reared by the said Martha Lewis and did not leave her home on the property described until about two years after complainant's marriage; that in December, 1939, the said Martha Lewis and complainant "entered into a verbal agreement which in substance, was as follows: That if the complainant and her husband Jessie Vickers, would remove back into the home of the said Martha Lewis and feed and cloth(e) her, cook for her, wash for her and wait on her and keep up and maintain and repair the house on the above described property during the lifetime of the said Martha Lewis, that the said Martha Lewis would execute a will to this complainant, devising and bequeathing to this complainant the property hereinabove described and would put this complainant and her husband in immediate possession of said property upon their removing to same"; that complainant and her husband, relying on the representations made to her by the said Martha Lewis, as above set out, moved into the house of the said Martha Lewis during the last week of December, 1939, at which time Martha Lewis turned over the property to complainant and placed her in full and complete charge thereof.

The bill further alleges: That complainant has fully and completely carried out her part of the agreement, in that from the time complainant and her husband moved back into the home of the said Martha Lewis and until her death, they fed and clothed her, washed for her, nursed her,

626

paid for valuable improvements on the property costing hundreds of dollars, and either paid or furnished the money with which to pay taxes.

It is further alleged in the bill: That, in May, 1940, a short time after complainant and her husband moved into Martha Lewis' home, Martha Lewis executed a will devising and bequeathing the said property to complainant; that complainant at one time had the will in her possession when she took it to a lawyer to inspect, but afterwards returned it to the possession of Martha Lewis; that the said Martha Lewis never repudiated the agreement nor expressed any dissatisfaction with the terms thereof; that Martha Lewis, at the time of her death, still owned the legal title to the said property and complainant believed that the will made by the said Martha Lewis devising and bequeathing the said property to complainant was still in existence, but that complainant, although she has made diligent search, cannot locate said will; that the said will has been lost or destroyed by Martha Lewis or some one else not known to complainant.

The bill further alleges: That for a long time prior to her death the said Martha Lewis was in ill health, her mind impaired; that on April 7, 1942, the said Martha Lewis, without the knowledge or consent of complainant, "drew up" another will devising and bequeathing the said property to her sister, Charlotte Jones Pegues, one of the respondents; that the said Charlotte Jones Pegues had not lived with Martha Lewis, had not administered to her and had only visited her on rare occasions.

The bill prays: "That upon a final hearing of this cause that the court will make and enter a decree of specific performance against said respondents decreeing that said contract be specifically performed to make this complainant the owner of said real estate above set out. That any right, title or interest that the respondents may have or may have had in the above-described property shall be divested and invested in this complainant."

■ It is well established in this jurisdiction that a valid contract by a promisor to dispose of his property by will to a particular person may be enforced in the courts, after his decease, by a bill in the nature of specific performance against his heirs, devisees or personal representative. Bolman v. Overall, 80 Ala. 451, 455, 2 So. 624, 60 Am.Rep. 107; Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am.St.Rep. 46; Allen v. Bromberg, 147 Ala. 317, 41 So. 771; Walker v. Yarbrough, 200 Ala. 458, 76 So. 390; Cox v. Hutto, 216 Ala. 232, 113 So. 40; Hendrix v. Pique, 237 Ala. 49, 185 So. 390. This principle is well and fully discussed in the comparatively recent cases of Wagar v. Marshburn, 241 Ala. 73, 1 So.2d 303, and Cowin v. Salmon et al., 244 Ala. 285, 13 So.2d 190.

■ The averments of the bill show a valuable consideration for the promise alleged to have been made by the said Martha Lewis, to devise the specific property here involved to complainant. Bolman v. Overall, supra; Cox v. Hutto, supra; McKinney v. Weatherford et al., 242 Ala. 493, 7 So. 2d 259.

■ But, it is now settled in this state that an oral agreement to make a will devising real estate, unaccompanied by payment of some valuable consideration and delivery of possession of the land to be devised, is void under the provisions of our statute of frauds (§ 3, Title 20, Code 1940). Manning v. Pippen, supra; Allen v. Bromberg, supra; Mayfield v. Cook et al., 201 Ala. 187, 77 So. 713.

■ The averments of the bill that the said Martha Lewis, deceased, turned the property over to complainant and put her in complete charge thereof when complainant and her husband moved into the house with the said Martha Lewis are not sufficient to bring the alleged transaction within the exception of the statute of frauds. Martha Lewis, according to the averments of the bill, retained title to the property and jointly occupied the same with complainant and the latter's husband until the time of her death. In such a case it is well established that the possession will be referred to the legal title. Jones v. Jones, 219 Ala. 62, 121 So. 78.

■ Appellant contends that even though the agreement itself was oral that the stat-

ute of frauds is not here applicable for the reason that Martha Lewis did execute a will. In support of this contention reliance is had upon the case of Bolman et al. v. Overall et al., supra. But the allegations of the bill in that case go much further than those of the instant case. Here it is only averred that a will was executed, there being no allegation that the will made any reference to the oral agreement or that it contained any statement that the will was executed in consideration of services performed or to be performed by complainant. In the Bolman case, supra, it was averred that the will showed on its face that it was executed in consideration of past and future treatment and in accordance with a previous parol agreement. The decision in the Bolman case, supra, was based on the wording of the paper itself, the court saying [80 Ala. 451, 2 So. 625]: "It is clearly a will in form, being testamentary in frame and verbiage. But it is also a contract in essence and in fact, being executed, as stated on the face of the paper, 'in consideration of past and future treatment,' and, as shown by the bill, in furtherance of a previous parol agreement that it should be executed upon an admitted and specified valuable consideration. Cases are frequent in which instruments have been construed to be partly testamentary and partly contractual [etc.] The purpose of the bill, as we construe it, is not to enforce the parol agreement in which the deceased agreed to bequeath to complainants all the property she might own at the time of her death, but rather to enforce the modified agreement as evidenced by the written instrument purporting to be a will. No question can properly arise, therefore, as to the influence of the statute of frauds."

It is true that the decision in the Bolman case, supra, contains the following statement: "There are many well-considered cases, however, in which parol agreements of this character, executed on the side of the promisee, have been enforced even in relation to land. But on these we have now no occasion to comment at any length"; but, this court in Allen et al. v. Bromberg et al., supra, refused to accept this gratuitous statement as the rule in this state and, as before pointed out, it is now definitely established that an oral agreement to make a will devising real estate is void.

We are of the opinion that the bill shows on its face that Martha Lewis' promise to devise the property here involved to complainant was not in writing; and, no facts being alleged sufficient to bring the agreement within the excepting clause of the statute, the demurrer on this ground was properly sustained.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.