CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur in the part of the majority’s opinion that holds that the joint savings account was a survivorship account, but I disagree with the part of the opinion which reverses the trial court’s judgment ordering Whiddon to repay the funds to the grandchildren.
Based on the evidence presented, the trial court determined that “Plaintiffs [grandchildren] ... advanced or loaned to Nina C. Whiddon $37,500.00 each and that such are due to be repaid.” The trial court ordered Whiddon to repay the $37,500, plus interest, to each grandchild who loaned the money to their grandmother for her needs.
“Assumpsit is an equitable action for money had and received and is supported by any set of facts showing money in the possession of the defendant which in equity and good conscience belongs to the plaintiff.”
Tipton v. Duke, 221 Ala. 77, 80, 127 So. 524, 527 (1930). The facts indicate that Whiddon had in his possession, pursuant to the joint savings account, money “which in equity and good conscience belong[ed] to the [grandchildren].” Id. Accordingly, I would affirm the judgment of the trial court ordering Whiddon to repay the money, which constituted a loan from the grandchildren.
MONROE, J., concurs.