74 So.2d 676 (1954)
FULLER et al.
v.
WATTS et al.
Supreme Court of Florida, en Banc.
July 6, 1954.
Rehearing Denied September 16, 1954.
*677 Sanchez, Watkins & Watkins, Tallahassee, for appellants.
Richard W. Ervin, Atty. Gen., Ralph M. McLane, Asst. Atty. Gen., for appellees.
TERRELL, Justice.
On behalf of himself and others in the same class Richard S. Fuller brought this suit for declaratory decree praying for an interpretation of Chapter 26655, Acts of 1951, F.S.A. § 454.031, in so far as it regulates admissions to the bar. The State Board of Law Examiners answered and moved to dismiss the complaint. At final hearing the chancellor upheld the validity of said act and approved the interpretation placed on it by respondents. This appeal is from the final decree.
We are confronted here with the constitutional validity and the interpretation of Chapter 26655, the pertinent part of which is Section 3 as follows:
"No person shall be entitled to admission to practice without examination as to legal attainments; provided, that any person enrolled on or before the 25th day of July, 1951, as a student in any law school chartered by and conducted within this State or approved by the Supreme Court shall be entitled to admission upon presenting to the State Board of Law Examiners satisfactory evidence of good moral character and obtaining the degree of Bachelor of Laws from such school within three years of the date either of his enrollment or of the effective date of this Act, time spent in military service of the United States, an allied nation, or the United Nations not to be reckoned as a part of said three years." F.S.A. § 454.031 (3).
To take advantage of the diploma privilege, a student must have enrolled not later than July 25, 1951, and must have obtained a degree by July 25, 1954. The State Board of Law Examiners, in obedience to this requirement, designated July 25, 1954, as the last date for graduation for those eligible for admission to practice law by virtue of securing a diploma from one of the three law schools in the State whose graduates enjoy what is known as the diploma privilege.
Appellants contend that they enrolled in an accredited law school in the September class 1951, that they will graduate in the February or June class 1954 and on furnishing evidence of good moral character should be extended the privileges of Chapter 26655. In support of this contention appellants rely on changes and amendments that were made to said act in the course of its passage. They also contend that if the act is not given the interpretation they urge an unreasonable discrimination will result; that it would penalize diligence and industry and work a hardship on those who enrolled in the night classes of accredited law schools.
There may be a modicum of truth to this contention but the purpose of Chapter 26655 was to do away with the "diploma privilege" and require all applicants who practice law in this State to take the bar examinations. There must have been fixed some arbitrary date after which students enrolling should not have the diploma privilege and we cannot say that the legislature acted unconstitutionally in fixing July 25, 1951, as that date. It is a *678 matter of common knowledge that bills introduced in the legislature are frequently amended in passage. That which is finally passed and promulgated as the law is what we are called on to interpret. We find no fault in the chancellor's interpretation.
As to the challenge for constitutional invalidity, we find no support for this attack. It is true that this Court is committed to the doctrine that it has inherent power to regulate admissions to the Bar, but we have also recognized the power of the legislature to do so. Petition of the Florida Bar Ass'n, 134 Fla. 851, 186 So. 280; Barr v. Watts, Fla., 70 So.2d 347, to which this writer and Thomas and Drew, JJ., vigorously dissented. Since the passage of Chapter 10175, Acts of 1925, creating the State Board of Law Examiners, we have frequently been confronted with and have recognized the validity of legislation having to do with admission to the Bar including qualification for admission. In our view the cases cited herein not only dispose of the question of constitutional validity, they dispose of the question of legislative power.
It is finally contended that the interpretation given Chapter 26655 by the chancellor denies appellants equal protection of the law as guaranteed by section one, Declaration of Rights, Constitution of Florida, F.S.A., and the Fourteenth Amendment to the Federal Constitution.
This contention reduces itself to the reasonableness of the classification. It is too well settled for comment that the legislature under guise of the police power may enact reasonable regulations for admission to the bar. Gould v. State, 99 Fla. 662, 127 So. 309, 69 A.L.R. 699. See also cases cited in support of the previous question. The mere fact that the regulation works an inconvenience or even a hardship if it is not an undue one is no reason for striking the act down. An arbitrary date after which all applicants to practice law are required to take an examination is not an undue hardship. This is particularly true when it is generally recognized that the law practice is not a right but a privilege that the legislature may regulate within its discretion.
We find no error in the decree appealed from. It is accordingly affirmed.
Affirmed.
THOMAS, SEBRING, MATHEWS and DREW, JJ., concur.
ROBERTS, C.J., and HOBSON, J., dissent.
HOBSON, Justice (dissenting).
I am constrained to dissent from the majority opinion herein for I do not believe that Chapter 26655, Acts of 1951, is constitutional as applied to appellants. On its face, that is to say, as it is written, I do not find any inherent constitutional defect, but in its application to appellants it operates upon members of a single class to the detriment of some, or conversely stated, it confers upon some members specific benefits which it denies to others. Hence it violates the guaranties of due process and equal protection of the laws accorded appellants by both the Florida and United States Constitutions.
Nor is it a satisfactory answer to my mind to make the dubious distinction that engaging in the practice of law is the exercise of a privilege and not an absolute right, for once one entitles himself to such privilege it comes very close to being a right regardless of the fact that the practice of law may be regulated in the interest of the general welfare. I am persuaded to enquire in the vernacular common to the American youth of today: "All right; it is a privilege  so what?" It is not my concept of the fundamental principles which underlie our constitutional form of government that even privileges may be dispensed by the sovereign to some and not to all members of a given class unless the law which so provides makes a division of such class, upon a reasonable basis, into *679 two or more separate and distinct classes. Is the classification contained in Chapter 26655, supra, reasonable? I think not.
I recognize the right of the legislature in the exercise of its inherent police power to enact reasonable regulations for admission to the bar but I am unable to subscribe to the proposition set forth in the majority opinion that "There must have been fixed some arbitrary date after which students enrolling should not have the diploma privilege * * *." (Emphasis supplied.) The diploma or that which it represents, and not the enrollment date, was the basis upon which the diploma privilege rested.
Undoubtedly the legislature had the right to abolish the diploma privilege, but in my judgment it acted in an unreasonable, wholly arbitrary and capricious manner when it made the date upon which a student might enroll in one of the accredited law schools of this State the criterion rather than the date upon which he might fulfill all of the requirements for graduation and receive his diploma.
Evidently the legislative purpose was to make certain that those whose diploma privilege was preserved would have three full law school years of training before being admitted to practice without taking an examination. Such was a worthy objective and wholly reasonable. However, the requirement that one who had such training should have enrolled before July 25, 1951 is not only unreasonable but discriminates unlawfully against those who enrolled after said date yet received three full law school years of training not different from that received by those who enrolled before such deadline. The customary, usual and normal time to enroll in law school to pursue a three year course leading to the bachelor of laws degree is at the beginning of the fall semester, and those who entered at that time in 1951 received the same training and met the same scholastic requirements as those who entered law school prior to July 25, 1951. Moreover, the members of the former group also received their diplomas prior to July 25, 1954.
And what is the result of the application of this questioned feature of the law abolishing the diploma privilege? Those young men and young women who earned their diplomas, who were exposed to the same courses of study and who sat at the feet of the same learned tutors come before the State Board of Law Examiners, whose chairman says to them in effect "Those of you who enrolled in law school before July 25, 1951 stand on one side and those who enrolled thereafter but have received the same training for the same number of hours stand on the other. The former group may come by one at a time and be handed a certificate authorizing each to engage in the practice of the ancient and honorable profession of the law, but the members of the latter company must go before the Board and stand a written examination before they may enjoin the same privilege."
I would reverse the declaratory decree entered by the able chancellor upholding in toto the validity of Chapter 26655, Acts of 1951, and would declare invalid and unconstitutional that portion of the law which makes enrollment prior to July 25, 1951 a prerequisite to the enjoyment of the exception contained in the proviso of Section 3 thereof. The classification attempted to be made by the legislature is unreasonable, arbitrary and capricious. The challenged requirement discriminates unlawfully against members of the same class in that it denies to some of them the equal protection of the laws.
ROBERTS, C.J., concurs.