PEARSON, Judge.
This appeal is taken by defendants, who are the Board of County Commissioners of Dade County, the Dade County Plumbing Contractors’ Examining Board and others in an administrative capacity, from a final decree enjoining the defendants from imposing any restrictions upon plaintiffs’ unrestricted certificates of competency as plumbing contractors. Appellee, Louis Kalif, was the original plaintiff. Appel-lees, Coker and Milavic, applied for and were granted leave to intervene as parties plaintiff seeking the same relief. The county answered the complaint and the petitions for intervention, taking the position that the unrestricted certificates of competency were issued in error and without authority of law because the three plaintiffs had never taken a plumbing examination and, in addition, that Milavic had applied too late. The county urged that the examining board should be permitted to correct the certificates by limiting them to a restricted area within the county.
After a hearing on the pleadings, documents and stipulated facts, the chancellor entered a final decree enjoining the defendants from imposing restrictions upon the plaintiffs “unrestricted licenses”. This appeal is from that decree. We hold that error has not been shown in the decree except as to plaintiff-intervenor, Milavic.
The plaintiffs are plumbing contractors, each of whom had engaged in his occupation in the unincorporated areas of Dade County for more than 5 years immediately preceding the effective date of Metropolitan Ordinance 57-25. This ordinance provides, among other things, for the issuance of certificates of competency to plumbing contractors upon examination. It also contains a “grandfather clause” which reads in part as follows:
“Section 17.06(A) Every person, who, under the terms of this chapter, is required to hold a certificate of competency, and who, upon the effective date of this chapter, holds a current certificate of competency issued by Dade County, shall be entitled to a certificate of competency without examination, but such certificate shall be subject to any restrictions and limitations carried by the current county certificate and shall entitle the holder of such certificate to do business only in the unincorporated area unless the Examining Board concerned, upon presentation by the applicant, of evidence satisfactory to such Board, shall determine that such certificate may be extended to include the incorporated areas of Dade County. Evidence to be considered to warrant such extension shall include, but shall not necessarily be limited to:
“(1) Proof that a written examination given by Dade County was successfully passed by the applicant, and that such examination was substantially equal in scope and coverage to examinations for the same trade and category given previously and regularly by any municipality within Dade County having codes and enforce *470 ment of such codes similar to Dade County, or
“(2) Proof, submitted by the applicant that he has actively, continuously and properly engaged in the trade concerned, in the unincorporated area of Dade County in the category indicated on the current County Certificate, for a period of five years immediately prior to the effective date of this chapter as evidenced by County certificates of competency and State and County occupational licenses covering such five year period.
******
“(D) In order to qualify for a county certificate of competency under any of the foregoing provisions of this section, applicants for such county certificate must complete application for a county certificate of competency, furnish all evidence and proof as may be required by this Chapter and pay a fee in an amount equal to the renewal fee for such certificate charged by the county (unless another fee charge is indicated in this section) within six months from the effective date of this Chapter; otherwise, such person shall be required to pass a written examination and meet all other requirements specified in this Chapter in order to qualify for a County Certificate of Competency.”
None of the three plaintiffs has had an examination to entitle him to a certificate. All three applied for unrestricted certificates under the quoted section. Each was issued a certificate, which authorizes him to practice his occupation on a county-wide basis. It is not disputed that Kalif and Coker made timely applications for such certificates. Milavic, however, did not apply until after the time limit in the “grandfather clause” had expired.
Thereafter there were sent to the plaintiffs, notices from the Plumbing Contractors’ Examining Board, which directed each contractor to return to the board his unrestricted certificate or to show cause before the board why his unrestricted certificate should not be corrected to reflect a restricted character. Compliance with this directive would of course limit the area, in which plaintiffs could work to the unincorporated sections of Dade County and to the municipalities in which plaintiffs already held licenses.
In State ex rel. Greenberg v. Dade County, Fla.App.1960, 120 So.2d 625, 628, this court upheld the “grandfather clause” in ordinance 57-25. The portion of the “grandfather clause” which apparently would allow the board to issue or withhold the certificate of competency at whim without any fixed or ascertainable standards was construed so as to preserve its validity. Thus it was held:
“Secondly, we are of the view that the grandfather clause, where fairly and fully considered as a whole, imposes a duty on the Board to grant the county-wide certificate to the appellant on his showing (1) that he had been licensed in the county for the unincorporated area, and (2) had exercised his trade thereunder for more than five years preceding.”
Therefore, appellees, Kalif and Coker, are clearly entitled to retain their unrestricted certificates of competency because they had been licensed by the county in the unincorporated area and had engaged in their trade for five years immediately preceding the effective date of the ordinance.
Jacob Milavic, likewise, has been licensed by the county to conduct his trade in the unincorporated areas for the past five years; but he failed to apply for an unrestricted certificate of competency within the six month time limit. There is no contention that the six month period was unreasonable. The time limitation upon the exercise of a right under a “grandfather clause” is an integral part of the operation *471 of the provision and may not be disregarded or waived by the administrative authority. To grant such exceptions would be to extend the right indefinitely at the unlimited discretion of the administrator of the law. Since the provision containing the time limit did not work an undue hardship, it will be upheld. Fuller v. Watts, Fla.1954, 74 So.2d 676. This limitation must be observed. Thus the certificate of Jacob Mil-avic which was issued upon an untimely application must be corrected.
The final decree is affirmed as to the ap-pellees, Kalif and Coker, and reversed insofar as it restrains the county from proceeding to correct the certificate issued to Jacob Milavic.
Affirmed in part and reversed in part.
HORTON, C. J., and CARROLL, CHAS., J., concur.