QUESTIONS: 1. May the Board of Nursing reissue a license to a licensed practical nurse licensed in Florida under a previous Nurse Practice Act, whose license has lapsed and who does not meet certain requirements of the current law? 2. May the board continue to allow a "30-day grace period" for the yearly renewal of the license?
SUMMARY: The Board of Nursing is not authorized by law to reinstate the license of any licensee who has allowed his or her license to lapse or terminate unless and until such licensee demonstrates to the satisfaction of the board that he or she meets all of the standards prescribed in subsections (1) through (5) of s. 464.111, F. S. However, s. 464.151, F. S., does not require a licensee who had allowed his or her license to lapse or terminate for failure to timely renew the license to take and pass the written and supplemental oral examinations provided for in s. 464.121, F. S., and if any such licensee provides evidence satisfactory to the board that he or she meets the current standards of practice as set forth in s. 464.111, the licensee may not be required to take such examinations. Neither s. 464.051, F. S., nor s. 464.151, F. S., authorizes the Board of Nursing to allow a 30-day grace period for the annual renewal of such licenses. However, when s. 464.151 is read with Ch. 73-97, Laws of Florida (s. 20.30(5)(d), F. S.), the expiration date for purposes of the annual renewals of licenses and the automatic termination of licenses provided for in s. 464.151 may be ascertained. The final date for the renewal of licenses duly established by the Department of Professional and Occupational Regulation with the concurrence of the Board of Nursing is the "expiration date" referred to in s. 464.151(1)(b) for the annual renewal of licenses and, upon failure to renew by that date, is the date upon which the license automatically terminates by operation of law, except as provided in s. 464.151(1)(c). AS TO QUESTION 1: As noted in your letter, s. 464.111(5), F. S. 1973, required an applicant to complete at least 2 years of high school or its equivalent. A more recent articulation of legislative intent regarding the qualifications for applicants for licensing is set forth in Ch. 75-273, Laws of Florida (s. 464.111, F. S.), which establishes a 4-year high school course of study, or the equivalent thereof as determined by the board, as a prerequisite to licensure, as well as other qualifications. Section 464.111(1)-(5). (Subsection (1) took effect October 1, 1975; subsections (2), (3), (4), and (5) took effect July 1, 1975. See s. 24 of Ch. 75-273.)
Section 464.131, F. S., in effect "grandfathers" those persons holding a valid subsisting license or certificate to practice nursing as a licensed practical nurse on July 1, 1975. The holder of any such license is by force of the statute deemed to be duly licensed as a practical nurse under Ch. 464, F. S., as amended, as of that date. In terms, the section does not purport to perpetuate or preserve any person's privilege or right to practice as a licensed practical nurse other than those persons who in fact and in law held a valid and duly issued license on July 1, 1975. It does not serve or operate to restore, reinstate, or renew any license or certificate of registration to practice nursing as a licensed practical nurse, nor does it authorize the Board of Nursing to renew, restore, or reinstate any license or certificate not subsistent on July 1, 1975. Any former licensee who had failed or neglected to renew his or her license before the expiration date thereof had allowed the license to lapse or terminate, and the right or privilege to practice nursing as a licensed practical nurse in this state terminated or failed through such person's failure or neglect to exercise the right to renew on or before the expiration date of the license. See Black's Law Dictionary, Revised 4th Ed., p. 1022; 52A C.J.S. Lapse, p. 386. As to those lapsed licenses, the former licensees may be reinstated by the board upon providing evidence satisfactory to the board that such licensee or former licensee meets the current standards for practice as defined in Ch. 464, F. S. 1975, pursuant to s. 464.151(1)(c) and upon payment of the prescribed reinstatement fees. While s. 464.151(1)(d), F. S. 1973, required such licensees to provide the board a "satisfactory explanation for such failure to renew said license," s. 464.151(1)(c), F. S. 1975, effective July 1, 1975, requires such licensees to provide evidence satisfactory to the board "that the licensee meets the current standards for practice as defined in (Ch. 464, F. S.)." The 1975 amendment of s. 464.151, F. S., took the place of that section as it existed before July 1, 1975, and on that date became a part of existent Ch. 464, F. S., and became for all purposes the governing law of the state with respect to the reinstatment of lapsed or terminated licenses. See AGO 057-343. Further, any matter set out in s. 464.151, F. S. 1973, that is omitted in the 1975 amendatory act (Ch. 75-273, Laws of Florida), is considered to be repealed. See AGO 071-395. The "current standards for practice" mentioned in s. 464.151(1)(c), F. S. 1975, are those qualifications set forth in s. 464.111, F. S. 1975, of which those prescribed by subsections (1), (3), and (4) of that section are of particular significance for the purposes of this opinion. Therefore, the board is not authorized by law to reinstate the license of any licensee who has allowed his or her license to lapse or terminate unless and until such licensee demonstrates to the satisfaction of the board that he or she meets all of the standards prescribed in subsections (1) through (5) of s. 464.111. However, s. 464.151 does not require a licensee who had allowed his or her license to lapse or terminate for failure to timely renew the license to take and pass the written and supplemental oral examinations provided for in s. 464.121, F. S., and if any such licensee provides evidence satisfactory to the board that he or she meets the current standards of practice as set forth in s. 464.111, the licensee may not be required to take such examinations. Generally, see 53 C.J.S. Licenses s. 34; cf. Eslin v. Collins, 108 So.2d 889
(Fla. 1959); Solomon v. Sanitarians Registration Board,155 So.2d 353 (Fla. 1963); State v. Dade County, 120 So.2d at 625 (3 D.C.A. Fla., 1960); Cowart v. Kalif, 123 So.2d 468 (3 D.C.A. Fla., 1960). Your first question is answered in the negative. AS TO QUESTION 2: Neither s. 464.051, F. S., prescribing the general duties of the board, nor s. 464.151, F. S., providing for the renewal and reinstatement and the expiration and termination of the licenses of practical nurses, authorizes the board to allow a 30-day grace period for the annual renewal of such licenses. The board possesses no common-law or inherent powers (cf. s. 120.54(13), F. S.), and what powers it has are limited to those expressly granted by Ch. 464, F. S., or necessarily implied therefrom. There must exist some basis in the enabling legislation for the exercise of jurisdiction and power by the board and it may act only in accordance with the statute bestowing such powers and only in the mode prescribed by the statute. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), certiorari dismissed, 300 So.2d 900 (Fla. 1974). Section 464.151(1)(a) requires a licensee to renew his or her license annually, and paragraph (1)(b) provides that failure by the licensee to renew the license before the expiration date shall automatically terminate the license, except as provided in paragraph (1)(c) which provides for the reinstatement of terminated licenses upon certain conditions. Nowhere in these statutory provisions is the board empowered to allow or provide for any grace period from the expiration or termination date therein mentioned within which to renew any license. The statute having enumerated those things on which it is to operate is deemed to have excluded from its operation all things not expressly mentioned therein. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); In re Advisory Opinion of the Governor, Civil Rights,306 So.2d 520 (Fla. 1975); Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1974). Therefore, your second question, as stated, must be answered in the negative, subject to the following qualifications. Neither s. 464.151, F. S., nor any other section of Ch. 464, F. S., defines or fixes the "expiration date" therein mentioned, nor is any renewal date, renewal period, grace period, or delinquency period prescribed. However, when s. 464.151 is read with Ch. 73-97, Laws of Florida (s. 20.30(5)(d), F. S.), authorizing the head of the Department of Professional and Occupational Regulation to assign to the Bureau of Records Administration of the Division of General Services of that department responsibility for the establishment of renewal and delinquency periods with the concurrence of the Board of Nursing, the expiration date for purposes of the annual renewals of licenses and the automatic termination of licenses provided for in s. 464.151 may be ascertained. Cf. AGO 074-59. The final date for the renewal of licenses duly established by the Department of Professional and Occupational Regulation with the concurrence of the Board of Nursing becomes and is the "expiration date" referred to in s. 464.151(1)(b) for the annual renewal of licenses and, if a licensee fails to renew his or her license before that date, is the date upon which the license automatically terminates by operation of law, except as provided in s. 464.151(1)(c).