MILLS, Acting Chief Judge.
Burford seeks review of an order of The Florida State Board of Architecture (Board) denying his application for registration as an architect in Florida. Although Burford raises four issues, we must consider only one of them because it is determinative of this review. This issue is whether the Board’s finding that Burford is not entitled to registration as an architect in Florida is supported by substantial competent evidence. This case arises under Chapter 120, Florida Statutes, (1973).
Burford is a practicing architect in Birmingham, Alabama, and is a registered architect in Georgia, Mississippi, Louisiana, Tennessee, South Carolina, Virginia and Alabama. He passed the standard national architectural examination, was licensed in the State of Alabama in 1973, and received certification from the National Council of Architectural Registration ' Boards (NCARB) in 1974. On 17 May 1974, he made application to the Board pursuant to Fla.Admin.Code Rule 21B-1.04 for registration to practice architecture in the State of Florida. On 5 June 1974, he received notification from the Board that his application had been denied because “The board requires that all individuals applying must have a five-year degree in architecture, or was registered prior to 1969 under the ‘grandfather clause’.”
Burford then brought an action for declaratory judgment in the Leon County Circuit Court. On 6 June 1975, summary final judgment was entered in that case construing Section 467.08(l)(b)5, Florida Statutes (1975), and finding that the Board had not complied with the provisions of that section, “in that it has taken the position that there is no such thing as an equivalency and has not properly reviewed the plaintiff’s documentation and application for registration in light of the meaning of said statute as defined and construed herein. . . .” The court construed the provision contained in Section 467.08(l)(b)5, “training which shall be found by the board to be fully equivalent to such degree”, to mean that an applicant “shall have acquired by any combination of private study, classroom education, on the job training and/or other practical experience, proficiency which sustains the applicant’s equivalency to the degree of competency of a person who holds a degree in architecture and who would be eligible to take the examination for registration as an architect administered by the defendant." The Circuit Court ordered that the Board consider Burford’s application in accordance with Section 467.08(l)(b)5 as construed in the final judgment.
In the re-evaluation of Burford’s application for registration, the Board called upon *855 the assistance of an educational advisory committee. Burford appeared before the committee and the Board. He submitted a substantial amount of material relating to his experience and training. He also submitted numerous letters of recommendation from both clients and professionals with whom he had worked.
On 8 September 1975, the committee made its report and recommendation on the educational background and training of Burford. The report contained only two negative findings:
1. “The candidate’s early work experience (1930-1961) was minimal as compared to training in an architect’s office where diversified experience is available.”
2. “The committee notes little or no evidence of a concern for problems of his community or his profession (beyond his AIA membership) or constructive activity on their behalf outside of his practice.”
The committee also noted that it was unclear who Burford’s mentors were other than Mr. McAuley. The committee recommended that his application be denied.
On 15 December 1975, the Board denied Burford’s application for registration and also denied his petition for reconsideration. Since the Board adopted the committee report as its own findings, the committee report serves as the only basis for the denial of the application.
The only negative evidence before the Board was the report of the educational advisory committee which was adopted by the Board. The committee considered that ten years of training and experience was needed by an applicant in order to have the equivalency of a degree in architecture. Its report notes that “sometime between 1961 and 1967, Mr. Burford began his training in the sense of working on larger scale projects with diverse functions (as against single family residential construction).” The record shows that in 1961 Burford began work on large scale projects. It was in that year that he was placed in complete charge of the Alabama correctional construction program. As a part of that program, he designed a maximum security prison which included the tag plant; a receiving center, which contained a general hospital and a tuberculosis sanitarium; and a board of corrections administration building. Thereafter Burford handled a number of large scale projects which continued up to the time of his application for registration. Since Burford’s training in the sense of working on large scale projects with diverse functions began in 1961, the committee’s requirement of ten years of experience and training has been met.
The committee report also states that “the particular persons who acted as mentors to Mr. Burford through his training process was not made clear, other than Mr. McAuley . . .” However, the record shows that Burford gave the names of three individuals who are former Auburn University School of Architecture instructors who tutored him in various architectural subjects. These same three instructors’ names were mentioned several times in various letters of recommendation written to the Board. It is difficult to understand how the educational advisory committee could have read the evidence and still stated that “the particular persons who acted as mentors to Mr. Burford through his training process was not made clear. . . ”
In addition, the committee’s report noted that “two members of the committee felt that the candidate showed a lack of professional knowledge and attitude which could be attributed to a deficiency in his training in the area of the responsibilities of the professional in the practice of architecture.” However, the report does not state how the candidate showed this lack of professional knowledge and attitude.
The report concludes by stating that: “The committee notes little or no evidence of a concern for the problems of his community or his profession (beyond his AIA membership), or constructive activity on their behalf outside of his practice.”
The record clearly refutes this finding. Burford has actively served in his church *856 and numerous professional, social and community activities.
There is little or no support in the record for the findings and conclusions of the educational advisory committee and the Board.
, The petition for review is granted, the Board’s order of 15 December 1975 is quashed, and this case is remanded to the Board with instructions to enter an order granting Burford’s application to register as an architect in the State of Florida.
SMITH, J., and DRURY, ARVEL, Associate Judge, concur.