EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves the refusal of the Alabama Board of Examiners in Counseling (the board) to issue a license to Mrs. Horn.[1]
The board was created by the legislature in 1979 by Act 79-423 (the act) and is governed by and derives its authority therefrom. The act is presently codified in sections 34-8A-1 to -23, Code 1975. Section 34-8A-23 thereof (the “grandfather” clause) contains a provision which allowed the board, for a period of one year from July 18, 1979, to “grant the appropriate license upon payment of the required fee to any person submitting an application for licensure to the board who is qualified by experience to practice counseling, and who has engaged in such private practice of counseling as of July 18, 1979.”
The parties are in agreement that Mrs. Horn met all of the requirements of that “grandfather” clause and that she did not apply for a license until February 2, 1982. The board refused to issue a “grandfathered” license to Mrs. Horn because she had not applied therefor prior to July 18, 1980. Mrs. Horn then appealed to the circuit court where her complaint contended that she was not notified, either actually or constructively, of the enactment of the act which required her to obtain a license in order to practice counseling and that such lack of notice to her took away her inalienable right to work without due process of law.
The board filed a motion for a summary judgment stating that there was no genuine issue as to any material fact, that the complaint failed to state a claim, that the board was not required to give any notice as contended by Mrs. Horn, that the right to be “grandfathered” under a particular licensing statute is a mere privilege and not a vested property right, that the board had no present authority to issue a license to Mrs. Horn without Mrs. Horn’s first meeting the examination requirements of the code and that the one year limitation contained in section 34-8A-23 has expired and cannot be waived or disregarded by the board.
The gist of an affidavit of the board’s chairman was that, although not required, the board, through him, sent a press release to all state newspapers on June 20, 1980 announcing the “grandfathering” deadline. Trade publications contained articles concerning the passage of the act. A total of one hundred eighty-nine counselors met the July 18, 1980 time limitation and were licensed. In each case after July 18, 1980, each applicant was required to meet all provisions for licensure, including the successful passing of an examination prescribed by the board.
*1049 Mrs. Horn and her husband’s separate affidavits were to the effect that she never received any notice of the passage of the act and that she had no knowledge of it until around December 4, 1981. They subscribed to the Auburn/Opelika News and to the best of their knowledge there has not been any notice published therein concerning the act. They researched the files and records of the Auburn/Opelika News, the Auburn Bulletin, the Montgomery Advertiser and the Birmingham News for that period of time from July 10 to July 31,1979 and found nothing in any of those publications concerning the passage of the legislative act.
The trial court, in a well-written decision, dismissed Mrs. Horn’s complaint and she duly appealed, contending that the circuit court erred in granting the board’s motion for a summary judgment. She argues that she was entitled to a trial de novo in the circuit court and that the failure to provide to her notice of the existence of the act denied to her due process of law and deprived her of a property interest.
While it is undisputed that Mrs. Horn met and complied with all of the requirements of section 34-8A — 23 except the one year limitation, it is also without controversy that she failed to apply for a license until February 2, 1982. Her application was presented more than eighteen months after the board’s power had expired to grant a license to her under the “grandfather” clause. After the expiration of the one year time limitation which was contained in the “grandfather” section of the act, the board lacked any authority to issue a license to Mrs. Horn without her first complying with the testing requirements of the act.
In Cowart v. Kalif, 123 So.2d 468 (Fla. App.1960), the applicant applied too late to fall within the “grandfather” clause of a plumber’s licensing statute and the Florida appellate court held that a “grandfather” license should not have been issued to the applicant. Therein the following was stated:
“The time limitation upon the exercise of a right under a ‘grandfather clause’ is an integral part of the operation of the provision and may not be disregarded or waived by the administrative authority. To grant such exceptions would be to extend the right indefinitely at the unlimited discretion of the administrator of the law.”
123 So.2d at 470, 471.
Mrs. Horn lost the privilege of being licensed through section 34-8A-23 because of her failure to seek her license from the board before July 18, 1980.
The act was general in nature and statewide in application. There is no federal nor state constitutional or statutory requirement that persons who may be affected by the passage of general legislation be actually or constructively notified that such legislation has been enacted into law. There is certainly no provision in the act which requires the giving to any person of any notice in any manner. In fact, Mrs. Horn was charged with knowledge of the legislative act creating the board, its duties and responsibilities. Dixie Dairies v. Alabama State Milk Control Board, 286 Ala. 198, 238 So.2d 551 (1970). “ ‘Equity as well as law charges a party with notice of public statutes ....’” Stone v. Lacy, 245 Ala. 521, 17 So.2d 865 (1944) (citation omitted).
We have reviewed the record and find as a matter of law under the facts which were before the circuit court that there was no denial to Mrs. Horn of due process or of any equal protection right.
The trial court properly granted the motion of the board for a summary judgment for there was no genuine issue as to any material fact and the board was entitled to a favorable judgment as a matter of law. Rule 56(c), Alabama Rules of Civil Procedure.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this *1050 opinion is hereby adopted as that of the court.
AFFIRMED/
All the Judges concur.

. The Alabama Administrative Procedure Act, sections 41-22-1 to -27, Code 1975, did not take effect until after the appeal to the circuit court of Mrs. Horn had already been perfected. Hence, the act is not applicable to the present case.