LEHAN, Judge.
Rose Anderson appeals a final order issued by the Department of Professional Regulation (DPR) which denied her application for licensure as a mental health counselor. The DPR concluded that she was not entitled to be “grandfathered” in as a licensed mental health counselor under the relevant statute. We reverse.
Anderson had worked for six years as a mental health counselor and co-owns a counseling firm with her partner, a licensed psychologist. She filed her application pursuant to a then recently enacted grandfather provision, Act of April 21, 1982, ch. 82-179, § 37, 1982 Fla.Laws 603, 619. An administrative hearing was held, after which the hearing officer recommended the ineligibility of Anderson under that provision because she had not earned a master’s degree from a college or university approved by the United States Department of Education (DOE). The Department of Professional Regulation adopted the recommendation without comment.
Prior to 1981, the practice of mental health counseling was not regulated by statute. In 1981, the legislature made it a misdemeanor for a person to be held out to the public as a mental health counselor without being licensed by the state. § 490.012(2), Fla.Stat. (1981). In order to be eligible to take the examination for li-censure, one had to have, among other things, a master’s degree from a college or university accredited by an accrediting agency approved by the United States Department of Education (DOE). § 490.-005(2)(c)(2), Fla.Stat. (1981). In 1982, the legislature enacted the above referenced grandfather” provision to cover those people who had been practicing as mental health counselors prior to the license requirement and who applied by September 30, 1982 for license. That provision stated in part that the department “shall license a person in mental health counseling ... who:
(a) is a legal resident of this state;
(b) has received a minimum of an earned master’s degree ... at a college or university approved by the United States Department of Education ...
(c) has 3 year’s experience in the practice of mental health counseling.”
Chapter 82-179, § 37, Laws of Florida.
The Department of Professional Regulation apparently agreed with the hearing officer’s conclusion that the 1982 statute’s requirement that the college be approved by the Department of Education meant the same as the 1981 statute’s requirement that the college be accredited by an accrediting agency approved by the Department of Education. We disagree. We must presume that when the legislature worded the 1982 statute differently it intended a different meaning. We conclude that a college “approved by the department of education” is not the same as a college “accredited by an accrediting agency approved by the department of education.”
In ascertaining the intended scope of “approved,” we must give the word its natural, plain meaning if that meaning is “not entirely unreasonable or illogical in its operation.” Vocelle v. Knight Brothers Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960). Anderson cites Black’s Law Dictionary 132 (4th ed. 1968) for the definition of “approved” as including “to sanction officially.” Black’s also includes within that definition, “to be satisfied with; to confirm, ratify, sanction, or consent to some act or thing done by another; ... think or judge well of ....”
Anderson had received her master’s degree in mental health counseling from International College. The hearing officer *120 recognized that International College was qualified to receive direct financial assistance from the federal government. The hearing officer also recognized that the DOE included that college on its list of institutions at which students may receive federal aid, such as loans. Further, if the quality of education received at a college or university is to be considered, as the Department argues, it would seem relevant that at least three institutions which are accredited by an accrediting agency approved by the DOE accept transfer credits from International College.
Accordingly, we conclude that International College had been “approved” by the DOE under a broad, yet plain, interpretation of the above referenced statute. It is not illogical or unreasonable to infer that the legislature meant for the statute to have a broad meaning even if the standards for licensure were thereby less strict than those to be otherwise applied. “Grandfather” provisions of a licensure statute which permit licensing of those who have been engaged in a particular business, occupation or profession before enactment of the statute commonly, if not typically, include less strict standards to be applied to those to be “grandfathered.” See, e.g., Solomon v. Sanitarians’ Registration Board, 155 So.2d 353 (Fla.1963); Fuller v. Watts, 74 So.2d 676 (Fla.1954); Burford v. Florida State Board of Architecture, 342 So.2d 853 (Fla. 1st DCA 1977).
We recognize that a witness from the Department of Education testified that his department did not “approve” colleges or universities. That testimony apparently depended upon the DOE’s definition of that term, which is not determinative of the issue before us. The issue here is the Florida legislature’s meaning which we have construed above.
Reversed and remanded for proceedings consistent herewith.
OTT, A.C.J., and BOARDMAN, EDWARD F. (Ret.) J., concur.