[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15355
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-02213-CV-1-KOB

JIMMY DAN KILGORE,

Plaintiff-Appellant,

versus

CITY OF RAINSVILLE, ALABAMA,
a municipality,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 7, 2010)

Before EDMONDSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Jimmy Dan Kilgore appeals from the district court's grant of summary judgment on his claim that the City of Rainsville violated his constitutional rights by denying him a permit to place a billboard on his land. We affirm.

## I. Background

Kilgore owns property on the southwest corner of the intersection of State Highways 35 and 75 in the City of Rainsville, Alabama. In 2002, the City changed its billboard-permitting rules to include the following requirements:

> Signs Requiring a Permit. The following signs shall be permitted . . .
> > (c) Billboards. This term[] shall mean a free-standing off-site outdoor advertising sign that contains not less than 200 square feet per side.
> > > All Billboards shall be subject to the following limitations:
> > > > (1) Billboards shall be allowed only along Highways 75 and 35, but none shall be allowed within 2000 feet of the intersection of these highways.
> > > > (2) Billboards shall be a minimum of 1500 feet apart.
> > > > (3) Billboards shall have a maximum size of 600 square feet per side.
> > > > (4) Billboards to have a maximum height of 60 feet from grade level.

Rainsville, Ala. Rev. Ordinance, § 5-6-3 (2002).

In 2004, Kilgore decided to erect a billboard on his property to sell advertising space to other businesses. Initially, he intended to place a traditional vinyl billboard on his land. Kilgore claims that he appeared before the City

Council in January 2005 to apply for a permit; the City, however, has no record of this appearance. In April 2005, the Rainsville City Attorney, Terry Gillis, wrote a letter to the City stating that Kilgore's sign was not allowed because, among other things, his billboard was within 2000 feet of the intersection of State Highways 35 and 75.[1]

Later in 2005, Kilgore changed his mind and decided to erect a three-sided digital LED Electronic Variable Message Center on his land. Kilgore appeared before the City Council numerous times requesting a permit for this new billboard. The City, however, denied his requests because the proposed billboard was within 2000 feet of the intersection of Highways 75 and 35.

Kilgore brought this action in 2007. In Counts I and III, he sought declaratory and injunctive relief for violations of the U.S. Constitution. He claimed that the City ordinance violated his First Amendment rights because it (1) discriminated based on the category and manner of speech; (2) contained no objective standards and did not provide any time limit by which the city must grant the permit or seek judicial review; (3) was overbroad because of the lack of precision in the language of the ordinance and therefore would result in more

---

[1] The record also shows that the vinyl billboard was 72 square feet larger than the 600-square-foot-per-side maximum set forth in § 5-6-3(c)(3). Additionally, the billboard was 1003 feet from the nearest existing billboard, a violation of Section 5-6-3(c)(2)'s prohibition of signs fewer than 1500 feet apart.

speech being restricted than is necessary. He also claimed that the ordinance violated his Fourteenth Amendment rights by (1) denying his right to equal protection by discriminating between his sign and other signs based on content and (2) depriving him of his procedural due process rights. Finally, in Count II, he alleges that the City had violated his rights under the Alabama Constitution.

The magistrate judge set September 2008 as a deadline for amendments to the pleadings. In January 2009, Kilgore sought to amend his complaint because new evidence had come to light after discovery. The court ultimately granted this motion, allowing Kilgore to amend his complaint in light of new information.

Instead of filing the amended complaint attached to his motion for leave to amend, however, Kilgore filed a new complaint adding a claim for monetary damages. The magistrate judge struck this complaint because Kilgore could have added a claim for monetary damages before the deadline and gave Kilgore 14 days to file an amended complaint, "adding only those items previously allowed by the court due to the uncovering of new information during the discovery process."

Kilgore never filed this amended complaint, so the magistrate judge reinstated his original complaint. Kilgore filed a motion for reconsideration, asserting that he never received the court's earlier order directing him to refile the approved complaint. The magistrate judge denied this motion, and Kilgore did not

appeal this decision to the district court.

Soon afterward, the City repealed the old ordinance and passed a new ordinance regulating the erection and maintenance of signs. The new ordinance provided far greater procedural specificity, outlining what types of signs required permits and establishing a procedure for obtaining a permit from the City's Administrative Officer. The new ordinance did not, however, alter the preexisting size and proximity restrictions or remove the prohibitions on billboards within 2000 feet of the intersection of 75 and 35.

After adopting the new ordinance, the City filed a supplemental motion for summary judgment. The magistrate judge recommended that the City's supplemental motion for summary judgment be granted on the grounds that the passage of the new ordinance mooted Kilgore's procedural due process claims and that there was no First Amendment violation because both the old and new ordinances were content-neutral.[2] The district court adopted these recommendations and Kilgore appeals.

## II. Discussion

We review a grant of summary judgment *de novo*. *Shuford v. Fid. Nat'l*

---

[2] It also recommended that the district court dismiss Kilgore's claim under the Alabama Constitution without prejudice.

*Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

*A. Procedural due-process claims*

The district court held that Kilgore's procedural due-process claims were moot because the City passed a new ordinance during the litigation. "[M]ootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (internal quotation marks and citations omitted). "When a party challenges a law as unconstitutional and seeks only declaratory and prospective injunctive relief, a superseding statute or regulation moots a case to the extent that it removes challenged features of the prior law." *Crown Media, LLC v. Gwinnett County*, 380 F.3d 1317, 1324 (11th Cir. 2004).

First, Kilgore argues that his procedural due-process claims are not moot because he sought monetary damages in his original complaint. *See McKinnon v. Talladega Co.*, 745 F.2d 1360, 1362 (11th Cir. 1984) (holding that the voluntary cessation of alleged illegality does not moot a monetary claim because "a claim for damages does not expire upon the termination of wrongful conduct."). This

6

argument is without merit. The two counts relevant to this appeal are titled "Count I—Action for Declaratory Relief" and "Count III—Action for Preliminary and Permanent Injunctive Relief" and the prayers for relief in both counts solely mention equitable relief. Thus, Kilgore did not make a "short and plain statement" of any claim for monetary damages on the face of his original complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Second, Kilgore contends that his procedural due-process claims are not moot because the magistrate judge improperly denied him the ability to add a claim for monetary damages in his amended complaint. Kilgore, however, has waived his right to appeal this magistrate judge's order because he did not file a specific written objection to this order to the district court. *See Farrow v. West*, 320 F.3d 1235, 1249 n. 21 (11th Cir. 2003) ("A party failing to appeal a magistrate judge's order in a nondispositive matter to the district court may not raise an objection to it on appeal to a circuit court."). Kilgore argues that he preserved this matter for appeal by objecting to the magistrate judge's final recommendation. Objecting to the recommendation, however, did not preserve for appeal a magistrate judge's decision on an unrelated, non-dispositive matter. *See* Fed. R. Civ. P. 72(a). He also argues that his motion for reconsideration before the magistrate judge preserved this issue for appeal. This argument also fails because a litigant is

required to file a specific objection with the district court to preserve an issue for appellate review. *Id*

Third, Kilgore claims that his due-process claims fall into one of the two exceptions to the mootness doctrine. Kilgore first argues that his procedural due process claims are not moot because the changes to the ordinance were only cosmetic, thus suggesting that the City enacted the new ordinance to deprive the court of jurisdiction. *See Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005). The new ordinance, however, makes significant changes to the process of applying for a permit. Furthermore, there is no evidence that the City acted to defeat Kilgore's litigation or intends to repeal the new ordinance after this litigation concludes.

Kilgore also argues that his procedural due-process claims are an exception to the mootness doctrine because he has a vested property right that is "an enforceable entitlement to a permit or a sign unaffected by subsequent changes in sign ordinances." *Crown Media, LLC v. Gwinnett County*, 380 F.3d 1317, 1325 (11th Cir. 2004). There is no record, however, that Kilgore ever had an enforceable entitlement to a permit. Although he appeared in front of the City Council, the record does not show that he ever formally applied for a permit or paid a filing fee to obtain a permit for his billboard. Thus, he does not have a

property right that has vested and his claim does not fall into this exception to the mootness doctrine. *Cf. Horn v. Ala. Bd. of Examiners in Counseling*, 437 So. 2d 1047 (Ala. Civ. App. 2000) (holding that denial of a license did not create a vested property right).

*B. First Amendment claims*

The district court also held that the old ordinance did not violate Kilgore's First Amendment rights. "In evaluating the constitutionality of an ordinance restraining or regulating speech, we first inquire whether the Ordinance is content-neutral." *Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1258 (11th Cir. 2005). If so, the regulation is subject to intermediate scrutiny and therefore "must not restrict speech substantially more than necessary to further a legitimate government interest, and it must leave open adequate alternative channels of communication." *Id*.

Kilgore does not dispute that the ordinance is a content-neutral time regulation or that it leaves open adequate alternative channels of communication. Instead, he argues that the ordinance does not serve the City's legitimate interests in aesthetics and public safety. He claims that billboards like his do not endanger public safety because traffic is either stopped or proceeds slowly at the intersection of the highways. This argument is meritless: distractions at intersections are

9

dangerous for many reasons and the City may regulate its signs on that basis. Regulations concerning the size, location, and manner of signs thus directly advance the City's interests in public safety, including traffic safety. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 511 (1981).

Kilgore next argues that the City's aesthetic interest is not substantial because the intersection is already clogged with signs. However, even if we assume that he is correct, the City is justified in regulating his sign for traffic-safety reasons. *Id*. ("Municipal authorities, as trustees for the public, have the duty to keep their communities' streets open and available for movement of people and property, the primary purpose to which the streets are dedicated.").

*C. Remaining claims*

Finally, Kilgore argues that the district court failed to employ the required *de novo* review under 28 U.S.C. § 636(b)(1) when adopting the magistrate judge's recommendation. *See Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (holding that the district court erred because it applied the clearly erroneous standard to the magistrate judge's findings of fact and admitted that it "relied heavily upon the magistrate's assessment of the evidence"). In this case, however, the district court explicitly stated that it had considered the record *de novo* and there is no other indication that it did not do so. Thus, Kilgore's argument fails.

10

Kilgore has abandoned his equal-protection and prior-restraint arguments by not raising them in his brief.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 1994).  Accordingly, the district court's grant of summary judgment order is

**AFFIRMED.**